470 So.2d 822 (1985)
Bulah S. LOCKWOOD and David Dials, Appellants,
v.
STATE of Florida, Appellee.
Nos. 84-693, 84-780.
District Court of Appeal of Florida, Second District.
June 12, 1985.
*823 James Marion Moorman, Public Defender and Paul C. Helm, Asst. Public Defender, Bartow, for appellants.
Jim Smith, Atty. Gen., Tallahassee and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
FOGLE, HARRY W., Associate Judge.
Bulah S. Lockwood and David Dials appeal the denial of their motions to suppress evidence. We reverse.
On September 28, 1983, a Lee County sheriff's deputy received a report of possible child abuse. Without an arrest or search warrant, he, another sheriff's deputy, and a Health and Rehabilitative Services representative went to a house owned by appellant Dials. In response to their knock on the door, Dials, Lockwood, another man, and two children emerged from the house to talk with the law enforcement group. The HRS worker explained the abuse report and stated that she wished to examine the children's living area in the house. Dials and Lockwood denied any mistreatment of the children. Neither child appeared to be injured.
Dials identified himself as the owner of the house and several times refused requests to allow the law enforcement group inside his house. Finally, the HRS worker and police officers threatened to immediately take the children into protective custody if they were not allowed to see the children's living area. Although the police informed Dials that he could refuse their entry into the house, the threat to take the children into custody if he refused was repeated by the authorities. Thereafter, Dials agreed to let the group into his house and led their way. While inside the house, the police officers discovered marijuana plants.
*824 Dials and Lockwood pleaded nolo contendere to charges of possession of more than twenty grams of cannabis, reserving their right to appeal the trial court's denial of their motion to suppress the marijuana on the ground that it was illegally seized in a warrantless search. Adjudication was withheld as to both appellants. Lockwood received a sentence of two years probation while Dials received four years probation and a $500.00 fine.
The state contends that the search came within the consent exception to the requirement of a search warrant. It is well established that a search conducted without a warrant is presumptively unreasonable both under the Fourth and Fourteenth Amendments to the United States Constitution[1] and article I, section 12 of the Florida Constitution.[2] One of the exceptions to the warrant requirement is a search conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The state must show by clear and convincing evidence that the defendant freely and voluntarily consented to the search. Norman v. State, 379 So.2d 643 (Fla. 1980); Bailey v. State, 319 So.2d 22 (Fla. 1975).
A distinction is recognized, however, between submission to the apparent authority of a law enforcement officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant. To constitute a waiver of search warrant rights, it must clearly appear that a defendant voluntarily permitted or expressly invited and agreed to the search. Bailey v. State; Talavera v. State, 186 So.2d 811 (Fla. 2d DCA 1966). If consent is obtained by the use of force, pressure or coercion, the constitutional guarantee against unreasonable searches and seizures has been violated. Taylor v. State, 355 So.2d 180 (Fla. 3d DCA), cert. denied, 361 So.2d 835 (Fla. 1978); Mobley v. State, 335 So.2d 880 (Fla. 4th DCA 1976), cert. denied, 341 So.2d 1085 (Fla. 1977). If the state is unable to prove voluntary consent as opposed to mere submission to apparent authority, the search will not be upheld. Rosell v. State, 433 So.2d 1260 (Fla. 1st DCA 1983), petition for review denied, 446 So.2d 100 (Fla. 1984).
The circumstances in this case fall far short of the standards set forth above for voluntary consent to a search. Dials several times refused to grant permission to the law enforcement group's demand for entry into his home. He consented only when threatened by the authorities with the immediate removal of the children. His consent was coerced and, therefore, involuntary. The state has failed to carry its burden of clearly and convincingly proving that appellants did more than merely submit to the apparent authority of the police. The trial court erred in denying appellants' motions to suppress the marijuana discovered once the police unlawfully entered the house.
Accordingly, the orders withholding adjudication and sentencing of both appellants are reversed and set aside. The cases are remanded to the trial court with directions to allow appellants an opportunity to withdraw their nolo contendere pleas and for further proceedings consistent with this opinion.
RYDER, C.J. and DANAHY, J., concur.
NOTES
[1] Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
[2] Norman v. State, 379 So.2d 643 (Fla. 1980).