519 So.2d 706 (1988)
Dexter MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1067.
District Court of Appeal of Florida, Second District.
February 3, 1988.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Dexter Morris appeals from his judgment and sentences for possession of cocaine *707 and marijuana. He contends that his motion to suppress the contraband should have been granted. We agree and reverse.
The following facts were revealed through the deposition testimony of Officer Nancy Brooks. While on routine patrol in an unmarked car, she and Officer R.F. Lyons came upon the appellant and another person at 11:47 p.m., in an alley, in an area known for drug trafficking. The appellant was not a suspect in drug activity, and the officers saw no evidence that he was engaged in a drug transaction. Brooks spoke with the appellant and patted him down to see if he had any weapons. She felt a bulge in his pocket and asked him what it was. The appellant reached into his pocket and pulled out a tissue, from which a small plastic bag fell on the ground. The appellant stepped on the bag. Officer Lyons picked up the bag and found in it a half of a marijuana cigarette and some white powder. The appellant was then placed under arrest. The officers ran presumptive tests on the substances in the plastic bag, and the tests confirmed that the substances were marijuana and cocaine. Officer Brooks searched the appellant further and found another small plastic bag containing .6 grams of cocaine.
Officer Brooks stated that "the area is known for drug traffic, so we went to stop and F.I.R. [field interrogation report] the subjects, talk to them.... I was aware that is a busy [drug] traffic area on 9th Street, and that is why I stopped him."
The appellant filed a motion to suppress all of the evidence seized from his person on the ground that the reason he was stopped does not constitute an exception to the constitutional requirement for a search warrant. At the hearing on the motion the state argued that the appellant had voluntarily abandoned the plastic bag and consequently could not assert his fourth amendment rights with regard to it. The trial court denied the appellant's motion on the basis of the state's argument.
At the appellant's sentencing hearing the appellant pled no contest to both charges, reserving his right to appeal the denial of his motion to suppress. The trial court sentenced the appellant to three years' probation for each count, the terms to run concurrently.
In this appeal the appellant reiterates the argument made at the hearing on the motion to suppress. The state contends that the plain view doctrine supports the trial court's denial of the motion. Because we find that the appellant was illegally detained, it is not necessary to reach the state's argument.
A law enforcement officer may temporarily detain a person for purposes of investigation if he has a founded suspicion that that person has committed, is committing, or is about to commit a crime. G.J.P. v. State, 469 So.2d 826 (Fla.2d DCA 1985). "A `founded suspicion' is one which has some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge." Id. at 827. Presence in a high crime area, by itself, is not a circumstance which will raise an officer's suspicion to the level of a founded suspicion. G.J.P.
Because there was no lawful basis for the officers' detention of the appellant, the evidence seized from the appellant should have been suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984).
Accordingly, we reverse the appellant's judgment and sentences and remand this cause with directions to discharge the appellant for the instant offenses.
RYDER, A.C.J., and LEHAN, J., concur.