544 So.2d 1073 (1989)
Larry James JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00100.
District Court of Appeal of Florida, Second District.
June 9, 1989.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
*1074 Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Larry James Jordan appeals an order denying his motion to suppress cocaine that was taken from his person during a patdown search. He claims that the police officer did not have the necessary "founded" suspicion to stop and detain him. We agree and reverse his conviction for possession of cocaine.
A law enforcement officer may temporarily detain a person if the officer has a founded suspicion that the person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1983); Wilson v. State, 433 So.2d 1301 (Fla.2d DCA 1983). A founded suspicion is a suspicion which has factual foundation in the circumstances; a mere suspicion of criminal activity is insufficient. Carter v. State, 454 So.2d 739 (Fla.2d DCA 1984).
In this case, the officer was answering a complaint about drug activity in apartment number 12 of the complex. Although the appellant and his companion were in the general vicinity, they were not seen at or leaving that apartment. The officer did not have a description of any individual involved in the alleged illegal activity. Officer Smith stopped the two men merely because they were in an area of known drug activity. This is an insufficient factual basis to constitute a founded suspicion that criminal activity had been committed or was about to be committed. Morris v. State, 519 So.2d 706 (Fla.2d DCA 1988); G.J.P. v. State, 469 So.2d 826 (Fla.2d DCA 1985). The stop was, therefore, illegal.
The state argues that the search may be upheld even if the stop was illegal because the appellant consented to the patdown search. However, since the stop constituted illegal detention, the subsequent consent was presumptively tainted, and the burden was upon the state to prove, by clear and convincing evidence, that the consent was voluntary. Norman v. State, 379 So.2d 643 (Fla. 1980). Although Officer Smith testified that the appellant consented to the patdown, he also indicated that the appellant had repeatedly asked to leave and had complained that he was being harassed. Under these circumstances, it cannot be said that the appellant freely and voluntarily agreed to the search. Because the appellant's consent was not proved by clear and convincing evidence, the trial court erred in failing to suppress the cocaine seized as a result of this search. Lockwood v. State, 470 So.2d 822 (Fla.2d DCA 1985).
Moreover, we find that even had the appellant given valid consent to the patdown search, the officer undoubtedly exceeded the permissible scope of a weapons search when he retrieved the four rocks of cocaine from the small inner front pocket of the appellant's jeans. The officer could not reasonably have believed the object in that pocket was a weapon. See Baldwin v. State, 418 So.2d 1219 (Fla.2d DCA 1982). Accordingly, we reverse the conviction and sentence.
Reversed.
SCHEB, A.C.J., and HALL, J., concur.