COWART, Judge.
The respondent, as the defendant in a criminal case, acting through his attorney, made a written demand for discovery, the result of which was to require the State, under Florida Rule of Criminal Procedure 3.220(a), to disclose much information the State would otherwise not be required to .disclose throughout the first jury trial and, after a mistrial was declared, throughout the second jury trial. The convictions resulting at the second jury trial have been reversed and the case remanded for a third trial. At this point, respondent has obtained new counsel who argues that he is not bound by respondent’s prior counsel’s demand for discovery and is not bound to make reciprocal discovery under Rule 3.220(b). The trial court ruled that the respondent and his present counsel were not bound by the prior counsel’s demand for discovery. The State petitions for writ of certiorari on the ground that the trial court departed from the essential requirements of law.
We agree with the State and issue the writ. Once a defendant makes a written demand for discovery, he is committed to the disclosure process and must reciprocate by making disclosures to the prosecution as required by the rule. A defendant cannot avoid his reciprocal disclosure obligation by changing counsel. The obligation exists throughout the case. A criminal case as to the same charge is one case in trial and on appeal and during the successive trials and appeals, until there is a final adjudication in the case.
*817 The trial court’s ruling that the respondent is not now bound by his prior counsel’s demand for discovery is quashed and this cause remanded for further proceedings.
WRIT GRANTED; CAUSE REMANDED.
DAUKSCH and GOSHORN, JJ„ concur.