558 So.2d 72 (1990)
Michael D. MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02107.
District Court of Appeal of Florida, Second District.
February 16, 1990.
Rehearing Denied March 15, 1990.
*73 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Michael D. Mitchell, challenges two trial court orders denying the motions to suppress evidence he filed in connection with two informations filed against him. We agree with the appellant's contention that the trial court should have suppressed the evidence in both cases and, accordingly, reverse.
In case number 88-62CFANO, the appellant was charged by information with possession of cocaine and paraphernalia. He filed a motion to suppress the evidence which formed the basis of the charges on the grounds that it was obtained as the result of an illegal search. Evidence presented at the hearing on the motion to suppress established that the appellant's wife, who jointly owned the marital home with the appellant, called the police to the parties' home and told them where they could find cocaine belonging to the appellant. The police, over the objection of the appellant, proceeded to search for the drugs and seized the cocaine and paraphernalia.
In case number 88-513CFANO, the appellant was charged by information with possession of cocaine. In this case, the appellant also filed a motion to suppress the evidence which formed the basis for the charge on the grounds that it was illegally seized. The evidence presented at the hearing on this motion established that a drug task force team of four St. Petersburg police officers was dispatched to a high crime area because of information they had received that three or four black males were selling rock cocaine in an alley. *74 When they arrived in the area, they observed the appellant and a female in a parked car. One officer stopped the vehicle and began talking with the appellant about the call they had received. The appellant was then asked to step out of the car and several officers started to pat him down. At this point, the appellant volunteered to remove things from his pocket and place them on the car. One of the items was a brown package containing what was later determined to be cocaine.
After the trial court denied both motions to suppress, the appellant pled nolo contendere to the charges and reserved his right to appeal the denial of the motions. The court withheld adjudication of guilt and placed the appellant on probation. This timely appeal followed.
In the first case, 88-62CFANO, the appellant contends that because he was present and objected to the warrantless search of his home, the search and subsequent seizure was illegal. We agree.
When two joint occupants of a home are present and one objects to a warrantless search of the premises, the search is improper. Silva v. State, 344 So.2d 559 (Fla. 1977); Lawton v. State, 320 So.2d 463 (Fla. 2d DCA 1975). In this case, it is undisputed that the appellant was present and that he objected to the search. Since there were no other factors that would excuse the necessity of a search warrant, the court erred by denying the appellant's motion to suppress the evidence seized as a result of the search.
In the second case, 88-513CFANO, the appellant contends that he was illegally detained because the police officers did not have a well founded suspicion of criminal activity at the time he was stopped. We also agree with this contention.
A law enforcement officer may temporarily detain a person for purposes of investigation under circumstances reasonably indicating that the person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1987). Although the detention may be based upon something less than probable cause, it must be based upon more than a mere or bare suspicion of criminal activity. Coladonato v. State, 348 So.2d 326 (Fla. 1977); G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985). To justify temporary detention of a person, there must be a founded suspicion in the mind of the police officer that the person has committed, is committing, or is about to commit a crime. G.J.P.; Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980).
In this case, the police officers had nothing more than a bare suspicion upon which to base their detention of the appellant by stopping him and ordering him out of his car. Nothing in the record indicates that it was unusual for people to park their cars in the alley, especially before dark. The fact that the appellant was in a car in a high crime area is not, standing alone, a sufficient basis to conclude that he was engaged in, or about to become engaged in, criminal activity. G.J.P. Furthermore, the officers' suspicion was not raised to the level of a founded suspicion by the fact that the officers were there because of an anonymous tip that three or four black men were selling cocaine in the area. A vague anonymous tipdevoid of any corroborating circumstances cannot justify the appellant's detention. The tip stated that three or four black men were selling cocaine. No description of the men or their clothing or anything about them was relayed to the officers. The appellant was a black male in a predominately black area. This fact is not a sufficient basis to validate the stop on the basis of the vague tip in this case. Strong v. State, 495 So.2d 191 (Fla. 2d DCA 1986).
The seizure of the evidence also cannot be upheld on the basis of the appellant's consent. Consent given after an illegal detention, as in this case, is presumed to be involuntary. Norman v. State, 379 So.2d 643 (Fla. 1980). Such consent will only be held voluntary if there is clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of the illegal action. Norman. The circumstances in this case indicate that after several officers started to pat down the appellant, he volunteered to empty his *75 pockets himself. He was not asked to consent to the search, it was already taking place, and his actions amounted to nothing more than mere acquiescence to authority. Under the circumstances of this case, the appellant's actions did not constitute a valid consent. Bailey v. State, 319 So.2d 22 (Fla. 1975); Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989). Accordingly, the trial court erred by denying the appellant's motion to dismiss.
We reverse and remand with instructions to discharge the appellant in both cases.
SCHEB, A.C.J., and THREADGILL, J., concur.