## RAMOS v STATE OF FLORIDA
### Case No. 89-286 AC
Eleventh Judicial Circuit, Dade County

December 5, 1990

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, and **Marti Rothenberg,** Assistant Public Defender, for appellant.

**Robert A. Butterworth,** Attorney General, and **Angelica D. Zayas,** Assistant Attorney General, for appellee.

Before DONNER, LEVINE, TENDRICH, JJ.

### OPINION OF THE COURT

DONNER, J.

An appeal has been brought before this Court from an adjudication of guilt while specifically reserving the right to appeal the denial of

Defendant's Motion to Suppress. The issue on appeal is whether the interaction between the police and appellant constituted an illegal detention in violation of the 4th Amendment to the United States Constitution, Article 1, § 12 of the Florida Constitution and § 901.151, Fla. Stat. (1989), and thus whether the evidence obtained as a result should have been suppressed and the charge dismissed.

The facts of the case are as follows: At approximately 8:20 a.m. on July 6, 1989, Officer Perez-Borroto of the City of Miami Police Department was on a routine patrol in his police cruiser. He drove by a young girl sitting on a bus bench who "stared him down". He turned his police cruiser around and asked the girl what was wrong. The girl replied "This guy is harassing me and he's scaring the heck out of me". The officer then noticing the Defendant's car parked nearby walked up to the Defendant's car window and asked him if he had a driver's license. The Defendant replied yes, then produced a license that was later determined to be suspended.

A law enforcement officer may temporarily detain a person for investigative purposes where circumstances reasonably indicate that such person has committed, is committing or is about to commit a crime. § 901.151, Fla. Stat. (1989) The detention must be based on a "founded" suspicion which is one that has some factual foundation in the circumstances observed by the officer. But mere suspicion is no better than random selection, sheer guesswork or hunch; it has no objective justification. *Peabody v State of Florida*, 556 So.2d 816 (Fla. 2d DCA 1990); *Mitchell v State of Florida*, 558 So.2d 72 (Fla. 2d DCA 1990); *G.J.P. v State*, 469 So.2d 826 (Fla. 2d DCA 1985).

The police officer admitted that the girl did not ask him to stop, that nobody screamed and that he never saw the Defendant do anything unusual or illegal. Indisputably, Officer Perez-Borroto had the right to act upon this complaint and to walk up to the Defendant to question him about the situation. *Terry v Ohio*, 392 U.S. 1, 19 n. 16 (1968). However, instead of questioning the Defendant, the officer asked the Defendant for his driver's license. We hold this to be a seizure of appellant requiring the existence of a prior founded suspicion of criminal activity which was not present here.

A judgment will not be reversed unless error was prejudicial to a substantial right of the Defendant. 4924.33 Fla. Stat. (1989). Since the seizure took place in violation of appellant's Fourth Amendment rights under the United States Constitution, Article 1, § 12 of the Florida

37

Constitution and § 901.151, Fla. Stat. (1989) such prejudice is obvious. Accordingly, the trial court erred in denying appellant's Motion to Suppress. For these reasons the adjudication of guilt and sentence appealed are reversed.