576 So.2d 1361 (1991)
Walter SCHAUB, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01806.
District Court of Appeal of Florida, Second District.
April 3, 1991.
*1362 Richard J. Sanders, Gulfport, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant, Walter Schaub, challenges the denial of his motion to suppress a piece of crack cocaine discovered in his shirt pocket during a pat down search. We reverse.
Sergeant Paul Jackomin of the Punta Gorda Police Department testified at the suppression hearing that while on patrol at 3:00 a.m. in a marked patrol car, he observed two males running through a darkened, wooded area. Because the men were running from an area known for crack cocaine trafficking, called The Quarters, Sergeant Jackomin's suspicions were aroused. He pulled alongside the men and asked them to stop. While, as he testified, he was "confronting" the men, another officer arrived as backup. The officers separated the men and interrogated them for approximately thirty-eight minutes regarding what they were doing out at that hour of the night. Although the men's explanations coincided at first, they soon began to diverge. Eventually, the appellant's companion admitted that they had gone over to The Quarters to purchase crack. The appellant later stated that they had been in that section of town earlier in the day to buy some crack. They were back in that part of town because they discovered they had been cheated in the deal and wanted to find the person responsible. Because of these conflicting explanations and the fact that Sergeant Jackomin had learned of the appellant's cocaine use during his investigation of a domestic dispute involving the appellant a few weeks previously, the officers patted both men down after having them empty their pockets. During the pat down, Sergeant Jackomin discovered a piece of crack cocaine in the appellant's shirt pocket.
The detention of the appellant was unlawful because the fact the appellant was running from a high crime area at 3:00 o'clock in the morning does not give rise to a well-founded suspicion that the appellant had committed, was committing, or was about to commit a crime. Morris v. State, 519 So.2d 706 (Fla. 2d DCA 1988). Since the detention of the appellant was unlawful, the cocaine seized during the search of him must be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Accordingly, we reverse the appellant's judgment and sentence and remand this cause with directions to grant the appellant's motion to suppress.
SCHOONOVER, C.J., and PATTERSON, J., concur.