584 So.2d 1122 (1991)
Stacey Deon MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2259.
District Court of Appeal of Florida, Fourth District.
August 28, 1991.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant, Stacey Moore, appeals the denial of his motion to suppress. The testimony established that Moore, a black male, was riding a bicycle at 2:00 a.m. on a street two to three blocks from an apartment where a burglary was reported to be "in progress". An officer, who was responding to the transmission regarding the ongoing burglary, saw the defendant on a bicycle near the burglary site and stopped him. The officer patted him down "for safety" and found a long object in Moore's pocket. Moore said it was his glasses. The officer looked at the glasses and then continued the pat down. In the waistband of Moore's pants the officer found a Louis Vuitton wallet and checkbook. The burglary victim subsequently identified the wallet and checkbook.
Moore argues that the stop and frisk was illegal because the police officer had no reasonable suspicion of illegal activity and under these circumstances the trial court should have granted his motion to suppress. We agree and reverse. Section 901.151(2), Florida Statutes (1987), Florida's Stop and Frisk Law, provides:
Whenever any law enforcement officer of this state encounters any persons under circumstances which reasonably indicate that such person had committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led *1123 the officer to believe that he had committed, was committing or was about to commit a criminal offense.
It is well settled that to justify a temporary detention only a "founded suspicion" is required. A "founded suspicion" is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in light of the officer's knowledge. "Mere" or "bare" suspicion, on the other hand, cannot support the detention. State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). Here the police officer testified that he did not have a description of the perpetrator of the burglary. His suspicion was aroused only by the fact that Moore was riding a bicycle at 2:00 a.m. and was coming from the area of the burglary. In similar cases the courts have refused to find that the officer possessed a founded suspicion. In Schaub v. State, 576 So.2d 1361 (Fla. 2d DCA 1991) the defendant and another man were observed running through a darkened wooded area by a police officer on patrol in a high crime area at 3:00 a.m. This aroused the officer's suspicion so he confronted the men. The court held that these circumstances did not give rise to a founded suspicion and the drugs seized from the defendant were suppressed. Similarly in Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989) the officer answered a complaint about drug activity in an apartment. The defendant was in the general vicinity but not seen at or leaving the apartment. The officer did not have a description and stopped the defendant because he was in a known drug area. This was insufficient to support a finding of founded suspicion. Likewise in this case we do not believe that the officer developed a founded suspicion by merely observing the defendant on a bicycle at 2:00 a.m. several blocks from the ongoing burglary. Accordingly, we reverse and remand.
DOWNEY and FARMER, JJ., and WALDEN, JAMES H., Senior Judge, concur.