CAMPBELL, Judge.
Appellant, convicted of possession of cocaine and drug paraphernalia, argues on appeal that the court improperly denied his motion to suppress. We agree and, accordingly, reverse and remand.
At the hearing on appellant’s motion to suppress, undercover Officer Snyder testified that he had parked his car in the parking lot outside an Eckerd drugstore when he noticed appellant drive a tan automobile into the lot and park it on a hill in the lot. Ruffin, appellant’s passenger, got out of the car and started to walk toward the entrance of a store and then walked into Eckerd Drugs. Ruffin stood on his tiptoes to look into the elevated manager’s den. Officer Snyder then saw appellant drive from the unoccupied portion of the parking lot to the curb in front of Eckerd Drugs, at which point Ruffin walked out of the store. Officer Snyder testified that the pair did this at three other locations in the shopping center.
Although he did not see a weapon on appellant and did not observe appellant make any furtive movements, Officer Snyder believed that due to the offenses he thought appellant and Ruffin were about to commit, they were possibly armed. He called a uniformed officer, Officer Matta, to stop appellant because he believed this was a loitering and prowling case. Officer Matta arrived, patted appellant down for weapons and seized a cocaine pipe and cocaine.
The transcript of the hearing on the motion to suppress reveals that the trial judge was satisfied that Officer Snyder’s testimony established the well-founded articulable suspicion that was required to justify the stop. In fact, the judge interjected his own *1080 remarks, “This is known as getting in position for a till tap?” and “A rip and run?” As Officer Snyder attempted to explain what he believed he was observing, the judge interrupted, “Excuse me. Cross examination.” Although the state attorney responded, “Wait a minute, Your Honor, there’s quite a bit more,” the judge again called for cross-examination of the witness.
Later in the hearing, the trial judge refused to allow the state to call Officer Matta, the officer who performed the pat-down. The judge asked, “What stretch of the imagination is there not probable cause?” When appellant’s trial counsel said that appellant’s position was that there was no probable cause to believe he was committing a crime, the judge responded, “I mean it would be absurd.” When appellant’s trial counsel again attempted to explain why Officer Snyder’s belief that a crime was about to be committed was wrong, the trial judge interrupted, “I would hope he [Officer Snyder] would think that [a crime was about to be committed].”
Appellant maintains that the court had before it merely Officer Snyder’s hunch that a crime was about to occur. We agree. The facts before the court did not amount to the well-founded and articu-lable suspicion necessary to justify an investigatory stop. See Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989). However, we believe that such facts may exist and the fact that they were not established on the record to afford us meaningful review is not the fault of the state. Although the state was prepared to question Officer Snyder further in an attempt to elicit additional facts in support of the stop and search, the trial judge, apparently under the mistaken belief that Officer Snyder’s testimony had established reasonable suspicion, interrupted the state’s questioning of Officer Snyder and directed cross-examination to begin. The state was thus prevented from fully presenting its case. See State v. Perez, 587 So.2d 630 (Fla. 3d DCA 1991).
Appellant also argues that the court improperly ordered him to pay costs. Our decision to reverse and remand on appellant's first point renders this question moot.
We believe that although the state may have had sufficient evidence that would have supported the court’s action, the limited record before us does not support that action. Therefore, we reverse appellant’s conviction and sentence entered after his nolo plea subsequent to the denial of his motion to suppress. We remand to the trial court for a suppression hearing to be conducted during which both sides should present their evidence.
SCHOONOVER, C.J., and PATTERSON, J., concur.