PER CURIAM.
Steven Chase challenges his conviction of possession of cocaine. He contends the trial court erred in denying his motion to suppress because he was stopped and searched without founded suspicion of criminal activity. We agree and reverse.
At the hearing on the motion to suppress, Deputy Richard Heersema was the only witness to testify and he relayed the following facts: While on road patrol at approximately 8:00 p.m. on September 21, 1993, Heersema received a radio dispatch directing him to a “possible” drug transaction involving “possibly” four individuals at an apartment or home with two white vehicles in front of its *589 door across the street from a Cuban market on Storter Avenue. Heersema went to the location and found two white cars parked in front. As he approached the door to the residence, a Mexican man exited. Heersema requested that the man come toward him, and the man did so. As Heersema was speaking to that man, the front door of the residence opened and Chase came out and took a couple of steps toward Heersema. Heersema identified himself by stating “Collier County Sheriff’s Office” in a loud voice while illuminating Chase’s face with his flashlight. Chase stopped and Heersema then motioned for Chase to come toward him. Chase walked quickly back to the door, reached inside, fumbled with the doorknob, and closed the door. Chase then just stood there, and Heersema again asked Chase to come toward him. Chase did so, and Heersema asked for identification. Chase removed a driver’s license from his back pocket, gave it to Heersema, and then placed his hand in his front pocket. That action triggered Heersema’s concern for his safety because of the possibility Chase may have grabbed something from inside the house when he reached inside the doorway upon closing the door. Heersema asked Chase to remove his hand from his pocket but Chase did not comply. When Heersema again asked Chase to remove his hand, he grabbed Chase’s hand, and Chase then removed it and held it out, palm up and fingers closed. Heersema believed Chase could have been holding a weapon, and he asked him to open his hand. Chase did so, and he was holding two coins of crack cocaine. Heersema then arrested Chase for possession of cocaine.
After the trial court denied his motion to suppress, Chase entered into an agreement with the state to withdraw his plea of not guilty and enter a plea of no contest in exchange for a sentence of credit for time served and six months’ probation. Chase reserved the right to appeal the denial of his motion to suppress. The trial court accepted Chase’s plea and sentenced him according to the agreement with the state. Chase then filed this timely appeal.
The information provided in the radio dispatch was woefully inadequate to create in the mind of Deputy Heersema the founded suspicion of criminal activity necessary to support a Terry[1] investigatory stop of Chase. In addition to the fact that the dispatch only relayed that a possible drug transaction was occurring involving possibly four individuals, no descriptions were provided of the individuals or the residence involved, no license tag numbers were given, and there was no indication that the source of the information had seen a drug transaction, drugs, or money. The minimal, general facts given “could have been provided by any pilgrim on the roadway.” Robinson v. State, 556 So.2d 450, 452 (Fla. 1st DCA 1990). Mitchell v. State, 558 So.2d 72 (Fla. 2d DCA 1990) (anonymous tip that three or four black men were selling cocaine in an alley, with no further description of the men and with no corroboration except that appellant was a black male and in the alley, held insufficient to justify stop). Furthermore, the officers made no attempt to surveil the residence to ascertain if illegal activity was in fact occurring. See Mitchell, 558 So.2d at 74 (“A vague anonymous tip devoid of any corroborating circumstances cannot justify the appellant’s detention.”).
We reject the state’s contention that Heersema’s contact with Chase can be characterized as a mere consensual encounter. At the threshold of the residence, Heersema shined his flashlight in Chase’s face, stated in a loud voice, “Collier County Sheriffs Office,” and motioned for Chase to come toward him. We believe those actions were “a show of official authority such that ‘a reasonable person would have believed he was not free to leave.’ ” State v. Hughes, 562 So.2d 795, 797 (Fla. 1st DCA 1990), quoting Jacobson v. State, 476 So.2d 1282, 1285 (Fla.1985). In United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), the Supreme Court listed “use of language or tone of voice indicating that compliance with the officer’s request might be compelled” as an example of a circumstance that might indicate a seizure. Id., 446 U.S. at 554, 100 S.Ct. at 1877. In holding that the contact in *590 that case was not a seizure, the Court noted that the officers “did not summon the respondent to their presence.” Id.
Since Heersema possessed no founded suspicion to stop Chase, the subsequent search of him was illegal and the fruits of that search should have been suppressed. Accordingly, we reverse Chase’s judgment and sentence and remand with directions that his motion to suppress be granted.
Reversed and remanded with directions.
PATTERSON, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).