PARKER, Acting Chief Judge.
Lisa Colomo appeals her sentence for possession of cocaine following the denial of her motion to suppress, at which time, she entered a plea of nolo contendere and reserved her right to appeal the denial of the motion to suppress. We reverse.
Colomo was a passenger in a vehicle stopped at 2:00 a.m. for a traffic infraction. We agree with the trial court’s finding that the circumstances created a reasonable suspicion that Colomo could be armed with a dangerous weapon sufficient to justify a pat-down search pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also State v. Webb, 398 So.2d 820 (Fla.1981); § 901.151, Fla.Stat. (1993). While conducting the pat-down of Colomo, the officer felt a small, hard object, approximately one and one-half inches in diameter in Colo-mo’s left front pocket. Unable to determine whether or not the object was a weapon, he squeezed it. The officer then placed his hand inside Colomo’s pocket and, still unable to determine the nature of the object, he *881 removed it from Colomo’s pocket. The object was a small compact containing cocaine.
The officer exceeded the scope of the pat-down when he reached into Colomo’s pocket to seize the container. The officer’s testimony provided nothing to justify a belief that this small container was a weapon. Under the facts of this case, the officer could not reasonably have believed that the object in Colomo’s pocket was a weapon. See Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989). Therefore, we conclude that the trial court’s denial of Colomo’s motion to suppress was error.
Reversed and remanded with directions to the trial court to grant Colomo’s motion to suppress.
ALTENBERND and QUINCE, JJ., concur.