SORONDO, Judge.
The Appellant/respondent was charged by petition for delinquency with grand theft of a motor vehicle, burglary of a conveyance and criminal mischief. Prior to trial, he filed a motion to suppress statements he made after his arrest on the grounds that his detention was unlawful. The trial court denied his motion and the Appellant entered a plea of nolo contendere specifically reserving his right to appeal the trial court’s ruling.
The facts of the case are the following: At approximately 3:00 a.m. on September 9, 1995 an experienced Metro-Dade Police Officer found an automobile in the middle of an intersection near 39th avenue and N.W. 25th street. The car had its doors open, engine running, and its horn blasting. Additionally, the car’s steering column had been “popped,” leading the officer to believe that it had been stolen.
The officer described the area as being in the “triangle,” a support area for the Miami International Airport. According to the officer this is an area which contains rental car companies, caterers, some hotels, and no residences within walking distance.
A few minutes after the officer found the car, a second Metro-Dade officer joined him. Both officers were familiar with the area and testified that it was uncommon to see pedestrians at any time, much less at 3:00 a.m. Shortly after arriving, the second officer observed the silhouettes of people walking down South River Drive about three or four blocks away. He immediately drove to where they were and stopped them.
The officers separated the juveniles they had just stopped and placed them in a patrol car. After reading the respondent his Miranda rights the respondent stated that the juvenile named Sims had stolen the car and later picked him up in it. The respondent was then placed under arrest.
In Popple v. State, 626 So.2d 185, 186 (Fla.1993), the Supreme Court of Florida explained that there are three levels of police-citizen encounters. The first and third levels are irrelevant to our consideration here. The second level was described as follows:
The second level of police-citizen encounters involves an investigatory stop as enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). At this level, a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151 Fla.Stat. (1991). In order not to violate a citizen’s Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal activity. Mere suspicion is not enough to support a stop. Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984).
The question before us in this case is whether, taking into account'the information the officers had in their possession at the time the Appellant was stopped, there was a well-founded, articulable suspicion of criminal activity sufficient to justify his detention. We conclude that there was not and reverse.
We begin our analysis with a review of the facts of Moore v. State, 584 So.2d 1122 (Fla. 4th DCA 1991). In Moore, the defendant was riding a bicycle at 2:00 a.m. approximately three blocks away from an apartment which had just been burglarized. The police had no description of the perpetrator and stopped the defendant based solely on the time of day and the proximity to the scene of the crime. The Fourth District Court of Appeal held that those facts did not give rise to a reasonable suspicion sufficient to justify the stop.
In Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989), the police responded to reports of drug activity taking place in a particular apartment. The defendant was observed in the “general vicinity,” a “high drug area.” There was no evidence linking the defendant to the apartment in question. The court held that these facts did not amount to a reasonable suspicion. See also, Schaub v. State, 576 So.2d 1361 (Fla. 2d DCA 1991); In the Interest of J.L., a Child, 623 So.2d 860 (Fla. 4th DCA 1993).
In the present case there can be no doubt that the officers had enough evidence to conclude that the automobile in question was stolen. We cannot conclude, however, that they had a reasonable suspicion to detain the *91 Appellant, who was casually walking along a city street, three to four blocks away from the automobile in question, albeit at 3:00 a.m. The fact that the bare suspicion of these police officers may have been proven correct as a matter of fact does not make their subsequent detention of the respondent sufficient as a matter of law. Because the officers lacked a well-founded, articulable suspicion to detain the Appellant, his motion to suppress his post-detention statements should have been granted.
We reverse the denial of the respondent’s motion to suppress statements. In view of the parties’ stipulation that this motion is dispositive we remand with directions to discharge appellant.