707 So.2d 338 (1998)
Jeffrey Donald JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00011.
District Court of Appeal of Florida, Second District.
February 6, 1998.
Steve Pincket, Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
Jeffrey Jordan appeals from an order withholding adjudication and placing him on probation for possession of methamphetamine. He challenges the denial of his motion to suppress statements and evidence. We agree that the officer lacked a founded suspicion to stop Jordan's truck and that the ensuing search was tainted. Thus, we reverse the denial of the motion to suppress and vacate the order placing Jordan on probation.
On May 10, 1996, Deputy Stroud of the Polk County Sheriff's Office was on routine patrol. At about 11:50 p.m., he drove by Jordan, who was in a pickup truck parked in a dark area next to a closed business. The business had been burglarized in the past. When the deputy started to turn around to go back to the truck, Jordan pulled away. While driving behind Jordan's truck, the deputy noticed "all kinds of stuff" in the back and decided to stop Jordan to investigate if any of the items were stolen. As it turned out, the items in Jordan's truck were supplies he used in his work as a painter.
Deputy Stroud activated his emergency lights and stopped Jordan. Upon approaching Jordan's truck, the deputy saw Jordan place something under the seat. Deputy Stroud had Jordan get out of the truck and asked Jordan what he had put under the seat. Jordan was hesitant to answer, and the deputy testified, "I stressed to him I want to know what's underneath that seat before I let you go." Jordan then admitted that he had a little bit of "dope" and Deputy Stroud had Jordan sign a consent to search form. The deputy discovered a small *339 amount of methamphetamine and paraphernalia.
Deputy Stroud did not have a founded suspicion of criminal activity to justify the stop of Jordan's truck. In McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986), this court reversed the denial of a motion to suppress under similar facts. There, McCloud was parked next to a boarded-up building under a "no trespassing" sign late at night in a "high-crime area." When McCloud saw the officers, he began to pull away. The only additional factor here is that Deputy Stroud saw "stuff" in the back of the truck, which he thought could have been stolen from the business. As Jordan argues, however, when Deputy Stroud approached the truck, he would have been able to see that the truck bed merely contained painting supplies. In fact, the trial court did not appear to rely on this factor in denying the motion to suppress. Rather, the facts the trial court relied upon were "that defendant was parked in a closed business establishment parking lot at 11:50 p.m.; he was parked away from the pay phone and all lights; the business had been recently broken into; and the defendant immediately left the parking lot when he saw the deputy." Based on McCloud, these facts are insufficient to justify an investigatory stop.
Jordan next argues that his consent to search was tainted by the unlawful investigatory stop. When the initial police activity is illegal, the State must establish by "`clear and convincing evidence' that there has been an unequivocal break in the chain of illegality sufficient to dissipate the taint of the prior illegal police action and thus render the consent freely and voluntarily given." Gonzalez v. State, 578 So.2d 729, 736 (Fla. 3d DCA 1991) (footnote omitted); see State v. Boyd, 615 So.2d 786, 790 (Fla. 2d DCA 1993).
Here, Deputy Stroud made an unlawful investigatory stop, and the facts do not support an unequivocal break in the chain of illegality. When Jordan was hesitant to answer the deputy, Stroud stressed that Jordan could not leave until he told the deputy what was under the seat. After Jordan admitted that he had a little "dope," Deputy Stroud had Jordan sign a consent to search form.
In Boyd, this court explained that the taint of the prior illegal action is dissipated when the police inform the defendant of "his right to refuse to consent so as to render the subsequent consent free and voluntary." Boyd, 615 So.2d at 790. Since nothing in the record here suggests a break in the chain of illegality, we reverse the denial of the motion to suppress and vacate the order placing Jordan on probation.
Reversed and remanded.
FRANK, A.C.J., and ALTENBERND, J., concur.