CASANUEVA, Judge.
Hubert Richard Crew appeals the denial of his motion to suppress, contending the stop of his vehicle for the sole purpose of learning his identity was improper because it was not based on founded suspicion. We agree and reverse.
Tampa Police Officer Wayne Robinson was working with his drug-sniffing dog at the United Parcel Service terminal and identified a package that contained about ten pounds of marijuana. Officer Robinson went to the address on the package and spoke with Ms. Selina Williams, who admitted her complicity in illegal activity to Officer Robinson. Ms. Williams explained to the officer that she received packages on behalf of Felicia Crew, the wife of the appellant. Mrs. Crew usually arrived in a teal green open-bed pick-up truck after Ms. Williams called her to tell her the expected package had arrived. Ms. Williams would then place the package in the rear of the truck. Neither Ms. Williams nor Mrs. Crew would ever open the package. Usually a few days later, Mrs. Crew would pay Ms. Williams for her services either in cash or drugs.
At the request of Officer Robinson, Ms. Williams, according to her usual custom, paged Mrs. Crew, who called back. When Mrs. Crew arrived, this time in a gold 1989 Acura, she took the package and placed it in the trunk. She drove off, was followed, then was stopped and arrested.
While Officer Robinson was still in the company of Ms. Williams at her home awaiting Mrs. Crew’s arrival, Ms. Williams received another call. Ms. Williams told Officer Robinson that it was “Richy” asking where the package was. She knew “Richy” as a black male Jamaican and husband of Mrs. Crew. She knew nothing else about him, not even where he lived, because she had never seen or met him. From Ms. Williams’s telephone, Officer Robinson was able to trace the telephone number where the call had originated. Other officers located the address and began surveillance of the home and the teal green pick-up truck in the driveway.
While the residence was under surveillance, a black male exited the home and drove away in the teal green truck. The Tampa officers followed the truck for a short distance and asked a Hillsborough County deputy sheriff to stop the truck and identify the driver, which he did. The driver identified himself as Hubert Richard Crew and his young passenger as his daughter. While uniformed officers were talking to Mr. Crew, Officer Robinson’s dog alerted on packaging material in the open bed of the truck similar to the UPS package Mrs. Crew had picked up from Ms. Williams. The packaging material contained a substantial amount of marijuana residue. Mr. Crew was then arrested. His home was also searched because the arresting officers claimed he had consented to it, although Mr. Crew refused to sign a written consent form. The officers *354 found twenty pounds of marijuana in Mr. Crew’s home.
At the hearing on Mr. Crew’s suppression motion, the evidence established without dispute that: (1) prior to the stop, Mr. Crew did not commit a traffic infraction; (2) Mr. Crew was not stopped in order to arrest him because at that moment the officers did not know he was Mr. Crew; (3) there was no reason to believe the truck contained contraband that day, although Mrs. Crew had used it in the past to pick up the contraband from Ms. Williams; (4) surveillance” of his home and vehicle had not revealed any illegal activity; and (5) the sole purpose of the stop was investigatory-to ascertain the identify of the driver.
Both the Fourth Amendment to the United States Constitution and Article I, Section 12 of the Florida Constitution guarantee an individual the right to be protected against an unreasonable seizure. The temporary detention of an individual during the stop of an automobile by a law enforcement officer, even if for a brief period and limited purpose, constitutes a seizure under these provisions. See Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Here, Mr. Crew was stopped by law enforcement and his submission to the officer’s authority constituted a seizure under Prouse and California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). To support its position that there was founded suspicion to stop Mr. Crew’s vehicle, the State would have to present evidence that Mr. Crew had committed, was committing, or was about to commit a violation of the criminal law at the time he was stopped. See § 901.151, Fla. Stat. (1995); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), Hunter v. State, 660 So.2d 244 (Fla.1995); Sumlin v. State, 433 So.2d 1303 (Fla. 2d DCA 1983). We conclude that the State presented no such evidence.
Although Ms. Williams said Mrs. Crew was obtaining the package for Mr. Crew, and that she had been paid by “Richy,” she also testified that she had never seen or met him. She dealt only with Mrs. Crew. Ms. Williams did not provide any information that constituted specific, articulable facts that gave rise to a founded suspicion to stop Mr. Crew without a warrant while he was traveling the public streets and committing no traffic violation. See Davis v. State, 695 So.2d 836 (Fla. 2d DCA 1997); Saadi v. State, 658 So.2d 112 (Fla. 2d DCA 1995); Cobb v. State, 642 So.2d 656 (Fla. 1st DCA 1994). Moreover, due to the short period of time involved, the officers were unable to corroborate Ms. William’s information on Mr. Crew’s involvement. Therefore, these facts are insufficient to justify the investigatory stop that took place here.
The State’s fall-back argument is that Mr. Crew consented to the search of his home. Where, as here, it has been established that the initial police activity or conduct is illegal, the State then bears the burden of proving by clear and convincing evidence that “there has been an unequivocal break in the chain of illegality sufficient to dissipate the taint of the prior illegal police action and thus render the consent freely and voluntarily given.” Jordan v. State, 707 So.2d 338, 339 (Fla. 2d DCA 1998) (citing Gonzalez v. State, 578 So.2d 729, 736 (Fla. 3d DCA 1991)); see Mitchell v. State, 558 So.2d 72, 73 (Fla. 2d DCA 1990); Norman v. State, 379 So.2d 643 (Fla.1980).
Here, the State’s evidence failed to overcome the presumption of involuntariness. While under arrest and seated in the rear of the patrol vehicle following the stop, Mr. Crew allegedly verbally consented to the search while simultaneously refusing to sign a consent to search form. No geographical or temporal break in the chain of police conduct overcame the presumption against voluntariness. Under the circumstances of this case, Mr. Crew’s actions did not constitute a valid consent. See Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989).
*355 We reverse and remand with instructions to discharge the appellant.
CAMPBELL, A.C.J., and PATTERSON, J., Concur.