778 So.2d 432 (2001)
The STATE of Florida, Appellant,
v.
Michael David SAKEZELES and Anwar Khan, Appellees.
No. 3D00-678.
District Court of Appeal of Florida, Third District.
February 7, 2001.
*433 Robert A. Butterworth, Attorney General, and Gary K. Milligan, Assistant Attorney General, for appellant.
Steven M. Logan, West Palm Beach, for appellee Sakezeles.
Lloyd H. Falk, Ft. Lauderdale, for appellee Khan.
*434 Before GERSTEN, FLETCHER, and RAMIREZ, JJ.
FLETCHER, Judge.
The State of Florida seeks to reverse an order granting a defense motion to suppress evidence. We affirm.
Detectives investigating graffiti taggers "Crook" and "Chrome" received a tip as to their whereabouts. Upon arriving at the apartment complex where Crook and Chrome were alleged to be living, the detectives found the defendant's car parked outside. The apartment manager led the police to the apartment; the door was slightly ajar and the apartment manager pushed it open further. The detectives, seeing Sakezeles (Crook), entered the apartment, chased Sakezeles into the bathroom, pulled him into the living room and read him his rights. With Sakezeles' consent the officers proceeded to search the apartment. During the search the owner of the apartment returned and gave his consent thereto. Sakezeles was eventually charged with six counts of felony criminal mischief.
On defense motion to suppress the fruits of the search, the prosecution conceded that the initial entry into the apartment was illegal. The trial court noted that because of this the State's burden was to show by clear and convincing evidence that the taint was dissipated by subsequent events. The trial court also noted that the State failed to meet this burden, and that this same standard had to be applied to the apartment owner's search consent. The trial court observed that the State could not validate that consent because the search was underway when the owner returned. The trial court granted the defense motion to suppress and this appeal followed.
The first issue we address is the police officer's warrantless entry into the apartment and Sakezeles's subsequent arrest. We agree with the circuit court that the initial entry into the apartment was illegal and that no subsequent exigent circumstances occurred to justify the illegal entry and ameliorate the taint.[1] Absent valid consent or exigent circumstances, law enforcement may not cross the threshold of a residence without a warrant. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) ("[T]he Fourth Amendment ... prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest."); Saavedra v. State, 622 So.2d 952, 956 (Fla. 1993)(same); see also Illinois v. Rodriguez, 497 U.S. 177, 181, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)("The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects."). This Fourth Amendment principle applies equally to seizures of property and to seizures of persons.
Here, the police had an abundance of time to obtain a warrant after having learned the location of the defendant's apartment. The officers had yet another opportunity to obtain a search warrant when they realized the defendant's car was parked in front of the apartment complex. We find no exigent circumstances in the record facts to justify the officers crossing the apartment's threshold or performing a search without a warrant. See, e.g., Payton.
*435 The seizure of the evidence also cannot be upheld on the basis of the appellee's consent. Consent to a search given after an illegal detention is presumed to be involuntary. Mitchell v. State, 558 So.2d 72 (Fla. 2d DCA 1990). Where there is an illegal detention or other illegal conduct on the part of the police, a consent will be found voluntary only if there is clear and convincing evidence that the consent was not a product of the illegal police action; otherwise, the voluntariness of the consent must be established by a preponderance of the evidence. Reynolds v. State, 592 So.2d 1082 (Fla.1992). This burden is not satisfied by showing a "mere submission to a claim of lawful authority." Id.
The State argues that the circumstances present below are not coercive enough to vitiate the defendant's consent. We disagree. The record facts indicate that several officers entered the apartment, chased the defendant into the bathroom, pulled him by his arm into the living room and thereupon read him his rights. The defendant's "consent" at that point amounted to nothing more than mere acquiescence to authority. Analyzing the totality of the circumstances the defendant's actions did not constitute a valid consent. See Reynolds ("It is not the presence or absence of any one factor alone that determines the validity of a consent. The question turns on the particular circumstances of each case.... It is only by analyzing all the circumstances of individual consent that it can be ascertained whether in fact consent was voluntary or coerced."). See also Bailey v. State, 319 So.2d 22 (Fla. 1975); Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989).
The State also contends that when the owner of the apartment returned, his consent to the search dissipated the taint. We adopt the trial judge's determination that
"Given the initial and continuing police illegality, the consent of the co-resident [apartment owner] to the search must also be proven to be free and voluntary by clear and convincing evidence. [The owner] in arriving at his home was confronted with a fait accompli. The defendant signed his consent a half-hour before the co-resident got there. The search was already well underway. Just as you cannot un-ring a bell, you cannot un-search a home that has already been searched. There is insufficient evidence that [the owner's] consent was anything but giving in to the inevitable."
R. 90
The trial court correctly granted the appellee's motion to suppress the evidence seized in the apartment search, and we accordingly affirm.
Affirmed.
NOTES
[1] "While the police did not cause the defendant's front door to be opened, when they ran into the defendant's apartment to prevent his `escape' they broke into his home and violated his Fourth Amendment rights against unreasonable searches and seizures.... The defendant had every right to go anywhere in the apartment.... The police, however, had no right to chase after him. They had no warrant for his arrest, nor were they there even for the purpose of making an arrest so why should it concern the police that he might jump out of his second story bathroom window? There existed no exigent circumstances to justify invasion of the defendant's home."

R. 89.