551 So.2d 1240 (1989)
Lorenzo ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-466.
District Court of Appeal of Florida, First District.
October 25, 1989.
Rehearing Denied December 1, 1989.
Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant challenges his convictions for possession of cocaine, possession of drug paraphernalia, and escape, asserting that the trial court erred in denying his motion to suppress the cocaine and pipe seized from him because the police officer had no founded suspicion of criminal activity to justify the stop. He also challenges the enhancement of his sentences under section 775.084, Florida Statutes (1988), the habitual felony offender statute. We affirm.
Deputy Rogers testified that he routinely patrolled the Truman Arms Apartments, an area known for drug dealing and use, and that the management of the apartments had issued identification passes to all of the residents and had requested law enforcement to spot check for compliance and prosecute those on the premises without passes for trespass. At about midnight, he drove through the complex and saw a group of black males among the apartment buildings. When he left his patrol car and began walking toward them, they ran. When he "hollered" for them to stop, appellant stopped, went down on his knees and attempted to bury a device which the officer, because of his training and experience, recognized as a crack pipe. Rogers *1241 testified that his purpose in approaching the group was to ascertain whether they possessed Truman Arms residence identification and that he had no intention of arresting appellant until he observed the crack pipe.
Rogers ordered appellant to get up, retrieved the pipe and placed him under arrest for possession of drug paraphernalia. He then handcuffed appellant, patted him down, and proceeded to pat down two other individuals, whereupon appellant jumped up and ran away. Other officers helped apprehend him, whereupon Rogers again patted him down and found crack cocaine.
The trial court did not abuse its discretion in denying appellant's motion to suppress the cocaine and pipe. The record supports a finding that the arresting officer possessed a founded suspicion of trespass which justified stopping appellant to ascertain his identity and the circumstances surrounding his presence at the apartment complex, that after seeing the crack pipe he had probable cause to arrest appellant, and that the cocaine was found during a legal search incident to the arrest.
As to the habitual felony offender sentence, appellant argues that his 1986 convictions were not corroborated by expert testimony that the fingerprints on the judgments presented by the prosecutor were made by him. He also contends that while the trial judge said the magic words, "It is necessary for the protection of the public that the sentence be imposed against you under the enhanced provision of this statute," he articulated no facts to support this finding, and only later purported to explain his action by remarking that if appellant continued to operate in the drug underground, he would either kill himself or would be killed by persons from South Florida, and that by incarcerating him, the judge felt he "may be saving his life or prolonging it."
The state correctly argues that any error in failing to corroborate the 1986 convictions was harmless, given appellant's extensive record of felony convictions and the fact that he did not dispute the accuracy of a 1984 conviction which satisfied the statutory requirement that the felony for which the offender is being sentenced was committed within five years of the date of the last prior felony.
As to appellant's argument regarding findings to support the conclusion that an extended term is necessary for the protection of the public, the State asserts that the trial court made extensive findings of fact, stating specifically that an enhanced sentence was merited based upon appellant's repeated episodes of criminal misconduct as demonstrated by the presentence investigation report, the fact that he has two or more felony convictions in this state, the fact that the felony which is being sentenced was committed within five years of the last prior felony conviction, that the enhanced sentence is necessary for the protection of the public, and that the enhanced sentence is necessary for appellant's wellbeing and rehabilitation. On this issue, both parties have missed the point.
Chapter 88-131, section 6, Laws of Florida, which became effective October 1, 1988, amended section 775.084(3), Florida Statutes, to delete the requirement that the trial court determine "if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4)." The statute now requires only that the court determine "if the defendant is an habitual felony offender or an habitual violent felony offender." Appellant's crimes were committed on October 12, 1988. Since he met the applicable statutory criteria for an habitual felony offender, the trial court did not need to find that an extended term was necessary to protect the public, and did not err in imposing an enhanced sentence under section 775.084(4), Florida Statutes (1988).
The convictions and sentences are AFFIRMED.
ERVIN and JOANOS, JJ., concur.