PER CURIAM.
Appellant pled nolo contendere to a charge of possession of cocaine, but reserved his right to appeal the trial court’s denial of his motion to suppress. We reverse.
It is axiomatic that in determining whether an officer possesses a reasonable or well-founded suspicion of criminal activity so as to justify an investigatory stop the “totality of the circumstances” must be taken into account. Although the detention may be based on something less than probable cause, it cannot be based upon mere suspicion of criminal activity. See Ruddack v. State, 537 So.2d 701 (Fla. 4th DCA 1989); King v. State, 521 So.2d 334 (Fla. 4th DCA 1988); State v. Hoover, 520 So.2d 696 (Fla. 4th DCA 1988).
Each case must be examined individually and the question becomes whether the circumstances, including the officer’s experience, raise the stop and search to the requisite level. State v. Pye, 551 So.2d 1237, 1238 (Fla. 1st DCA 1989); State v. Hoover, 520 So.2d at 696. The mere fact that the appellant was present in a high crime area, which happened to be where he lived, at nighttime, without more, such as suspicious conduct or unusual circumstances as were present in Pye, 551 So.2d at 1237, does not warrant an investigatory stop. The detention and search did not rise to the level set forth in Terry. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); § 901.151, Fla.Stat. (1987). Here, the stop was illegal as was the subsequent search and the “fruits of the poisonous tree” should have been suppressed.
In light of the written stipulation between appellant and appellee that the disposition of the motion to suppress is dispos-itive of all issues in the case, we reverse and dismiss the charges against appellant.
DOWNEY, WALDEN and POLEN, JJ., concur.