577 So.2d 1362 (1991)
Walter Mack REED, III, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01941.
District Court of Appeal of Florida, Second District.
April 3, 1991.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
*1363 HALL, Judge.
The appellant, Walter Mack Reed, III, challenges the denial of his motion to suppress crack cocaine. He contends that he was illegally stopped and, therefore, his consent to the subsequent search of his person was tainted. We agree and reverse.
Officer Albert Gross testified at the suppression hearing that while he was on patrol shortly after midnight, he received a radio dispatch that two black males involved in drug activity and believed to be carrying some type of firearms were walking the street in the area of Ninth Avenue and Seventh Street in St. Petersburg. Officer Gross and his partner parked their cruiser and, ten to fifteen minutes later, while walking the area, they came upon two black males. Officer Gross asked the two men to come over to the officers, who immediately advised the men they were going to conduct a pat down for weapons. The officers did not find any weapons on the men. Officer Gross then explained why the officers were in the area. After informing the appellant that he did not have to consent, Officer Gross asked the appellant if he would consent to a search of his person for drugs. The appellant responded affirmatively. Officer Gross then asked the appellant if he would mind a search of his pockets, and the appellant responded that he would not. It was in the appellant's shirt pocket that Officer Gross found some chunks of crack cocaine.
We agree with the appellant's contention that his initial stop was illegal and tainted his consent to the search of his person. "A stop based upon an anonymous tip is valid where the reliability of the tip has been established through detailed and specific information later corroborated by prompt police action in locating the described individual in the named location." State v. Marsh, 576 So.2d 387 (Fla. 2d DCA 1991). The information relayed to the police officers in this case clearly did not meet this test as it contained no facts to distinguish the two black males stopped by the officers from any other two black males.
The illegality of the stop having been established, we address the state's contention that the search of the appellant was nevertheless legal because it was conducted pursuant to the appellant's voluntary consent. A suspect's consent to a search subsequent to illegal police activity "will be held voluntary only if there is clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of prior official illegal action." Norman v. State, 379 So.2d 643, 647 (Fla. 1980) (citations omitted). We find that there was no unequivocal break between the illegal stop of the appellant and his consent to the search.
Accordingly, we reverse the appellant's judgment and sentence and remand this cause with directions to grant the appellant's motion to suppress.
SCHOONOVER, C.J., and PATTERSON, J., concur.