578 So.2d 471 (1991)
STATE of Florida, Appellant,
v.
Herold FANNIN, Appellee.
No. 90-2059.
District Court of Appeal of Florida, First District.
April 23, 1991.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellant.
Harold S. Richmond of Richmond & Thomas, Quincy, for appellee.
JOANOS, Judge.
The state appeals the sentence imposed after an habitual offender determination. The question presented in this appeal is whether, under section 775.084(4)(a), Florida Statutes (1989), a life sentence is obligatory when sentencing a defendant as an habitual first degree felony offender.
A jury found appellee guilty of trafficking in cocaine. After proper notice and a separate hearing to determine the propriety of habitual felony offender sentencing in this case, the trial court issued its order for imposition of sentence as an habitual felony offender. The trial court found in the order that the maximum sentence which could be imposed for the felonies involved in the case was a term of years not exceeding life. The trial court then imposed a sentence of forty years, to be followed by ten years probation.
The state contends that the trial court erred as a matter of law in sentencing appellee to a forty year sentence where section 775.084(4)(a) mandates a life sentence in the case of felonies of the first degree applicable to this case. We must agree. The pertinent provisions of the habitual felony offender statute, section 775.084, state:
(4)(a) The court in conformity with the procedure established in subsection (3), shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life.
In Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla. 1991), this court observed that the statute permits the trial court some discretion in determining whether a defendant is an habitual felony offender or an habitual violent felony offender, but once the court decides to sentence the defendant as an habitual felony offender, sentencing must be in conformity with sections 775.084(4)(a) or 775.084(4)(b). See also Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990). Thus, this court's decisions in Donald and in Pittman indicate that the trial court lacks discretion to choose to impose less than a life sentence under sections 775.084(4)(a)1 and 775.084(4)(b)1. The second district reached the same result in State v. Allen, 573 So.2d 170 (Fla. 2d DCA 1991).
We further find that appellee's challenges to the habitual felony offender determination are without merit. Under the 1988 amended version of section 775.084, *472 the trial court is not required to make a determination that an extended term of prison is necessary for the benefit of the public. See Ch. 88-131, § 6, Laws of Fla.; Robinson v. State, 551 So.2d 1240 (Fla. 1st DCA 1989), review denied, 562 So.2d 347 (Fla. 1990). The new version, unlike the previous statute, assumes that the public requires enhanced sentencing protection from a defendant that meets the specifications of section 775.084, Florida Statutes. Instead, to avoid application of the habitual offender statute, the trial court must specifically determine that the public does not need the protection. See § 775.084(4)(c), Fla. Stat. (1989). In this way, the new version of the statute has reversed the presumption as to the necessity for sentencing as an habitual felony offender where the statutory requirements are met. Further, a trial court is not required to set forth written reasons for departure once it has determined that the defendant fits the definition of an habitual felony offender. See § 775.084(4)(e), Fla. Stat. (1989); Owens v. State, 560 So.2d 1260 (Fla. 1st DCA 1990).
Accordingly, the sentence appealed is reversed, and the cause is remanded for resentencing, in accordance with the provisions of section 775.084(4), Florida Statutes. However, since the trial court, in the initial sentencing, imposed a sentence less than that required for an habitual first degree felony offender, we specifically call the court's attention to section 775.084(4)(c). That provision states: "If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section."
Further, because we consider this matter of great public importance, and because of the cloud cast upon this court's construction of this sentencing requirement by the Florida Supreme Court's decision in State v. Brown, 530 So.2d 51 (Fla. 1988), which construed the 1985 version of section 775.084(4)(a)1, we certify the following question:
WHETHER A LIFE SENTENCE IS A PERMISSIVE OR A MANDATORY SENTENCE UNDER THE 1988 AMENDMENT TO SECTION 775.084(4)(a)1, FLORIDA STATUTES.
ERVIN and MINER, JJ., concur.