WIGGINTON, Judge.
Fannin appeals his conviction for the offense of possession of 28 grams or more of cocaine. Because we find that the trial court restricted appellant’s right of cross-examination of the state’s key witness, we reverse and remand the cause for a new trial.[1]
The evidence presented at trial showed that appellant was arrested following the execution of a search warrant on July 29, 1989, at the home of one Nellie Oliver in Havana, Florida. In the course of the search, as the officers entered the premises, appellant was observed in a hallway near the bathroom and subsequently apprehended. As the officers entered the bathroom, they discovered a bag of crack cocaine in the amount of 144 grams in the sink and $3,250 floating in the toilet bowl. Appellant was never observed by the officers as being in actual possession of any of the cocaine or money found in the bathroom, but Gwen Oliver, appellant’s code-fendant and a state witness testified that she observed appellant running towards the bathroom, taking crack cocaine out of his pants and entering the bathroom with it. Gwen then proceeded to testify to certain similar fact evidence showing that appellant on many occasions had possessed large quantities of cocaine at Gwen’s mother’s house, and that he would hide from the police in her mother’s house, using the home as a shelter. Oliver further testified that appellant was in the business of selling crack cocaine.
On cross-examination, Gwen testified she would receive probation if she testified truthfully. Nonetheless, she refused to answer questions concerning the sale of cocaine by other of her family members, although she subsequently admitted to some involvement. She also refused to answer whether her mother, Nellie Oliver, was involved in the sale of cocaine from her house or to answer questions concerning her knowledge of the dismissal of trafficking charges against her mother. The trial court sustained the state’s objection to defense questioning concerning what knowledge Oliver had regarding the trafficking charges against her mother. The trial court also sustained the state’s objection to the defense question to Gwen whether her brother Tony, who lived in the house, trafficked in cocaine.
On appeal, appellant urges that the trial court erred in cutting off the reasonable cross-examination of Gwen Oliver, thereby depriving him of his right to confront and cross-examine the witnesses against him. Appellant argues that although the state attorney represented that no deal had been made with Nellie Oliver, the important question was what Gwen Oliver’s perception of any deal was and what influence that may have had on her testimony. By not allowing Gwen Oliver to testify as to her understanding of a government deal with her mother, appellant maintains he was deprived of his full right of cross-examination on all matters that may have influenced Oliver in her testimony against him. Likewise, the denial of the right to cross-examine Oliver as to her brother *976 Tony deprived appellant of the right to develop his reasonable doubt defense.
Although the reasonable doubt defense argument raised by appellant on appeal was not raised below and is therefore not properly before this court on appeal, Steinhorst v. State, 412 So.2d 332 (Fla.1982), we must agree with appellant that the trial court abused its discretion by unduly restricting appellant’s right to cross-examine Gwen Oliver on the issue of her perception of any deals made with her mother. As we have noted, “[i]t is well-established that great latitude is allowed the defense in the cross-examination of a witness to determine his interest, his opportunities for observation, his disposition to speak truthfully, and his ability to speak accurately.” See Cruz v. State, 437 So.2d 692 (Fla. 1st DCA 1983). Moreover, as we stated in Cruz:
“[A] defendant’s right to cross-examine a witness about any deals that may have been made or any understandings that may have been reached between the government and one of its witnesses does not hinge on whether in fact any such deals or understandings were effected. ... ‘What tells, of course, is not the actual existence of a deal but the witness’ belief or disbelief that a deal exists.’ ”
437 So.2d at 697, citing United States v. Mayer, 556 F.2d 245, 249 (5th Cir.1977). Although in Cruz the defense inquiry was directed to any deals made between the government and the testifying witness, we conclude that given the nature of the relationship between Gwen Oliver and Nellie Oliver, her mother, any inquiry into Gwen’s perception of a deal made on behalf of her mother was certainly germane to developing Oliver’s interest or bias, or her attempt to shade her testimony to protect her mother.
As was also true in Cruz, it would be “problematic” for us to say with certainty whether the state’s conviction of appellant would have been effected without the testimony of Gwen Oliver. The arresting officers never observed appellant in actual possession of the cocaine and no fingerprints were found on the cocaine located in the sink. Gwen Oliver was in fact the only witness who gave testimony directly connecting appellant to the cocaine. Additionally, the remainder of Gwen Oliver’s testimony was concerned with appellant’s possessing cocaine in her house on past occasions and his using her mother’s house as a shelter. Given the highly influential nature of Gwen Oliver’s testimony, the defense should therefore have been permitted to make a more thorough examination of her interest or bias in testifying against appellant.
Accordingly, we conclude that the lower court abused its discretion by unduly restricting appellant’s right to cross-examine the primary prosecuting witness in this important aspect of the trial. Consequently, the judgment of conviction is REVERSED and the case is REMANDED for new trial.[2]
ERVIN, J., and CAWTHON, Senior Judge, concur.

. Due to our disposition of this case, we will not address at length appellant’s other points, i.e., whether the court erred in allowing similar fact evidence; whether the court erred in failing to grant a defense motion for mistrial based upon prosecutorial comments during final argument; whether appellant’s enhanced sentence is illegal; and whether the cumulative effect of the prose-cutorial misconduct, the allowance of similar fact evidence, and the restriction of reasonable cross-examination precluded appellant from receiving a fair trial. None of the above alleged errors constitutes reversible error. In our view, the challenged rulings involved a proper exercise of discretion which we find was not abused.

. It should be noted that in a separate appeal, the state challenged appellant’s sentence which was enhanced under the habitual felony offender statute, section 775.084(4)(a)l., Florida Statutes. In State v. Fannin, 578 So.2d 471 (Fla. 1st DCA 1991), we reversed appellant's sentence and remanded for resentencing, holding that section 775.084(4)(a)l. did not give the trial court discretion to impose a sentence less than life.