609 So.2d 157 (1992)
Walter Owen SATTERFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03215.
District Court of Appeal of Florida, Second District.
December 4, 1992.
*158 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
The appellant challenges his judgment and sentence for possession of methamphetamine and argues that the trial court should have granted his motion to suppress. We agree and reverse.
On November 28, 1990, Officers Haberl and Kercher were dispatched to Gateway Boulevard in Lakeland to investigate a suspicious vehicle. The officers met with Ed Lewis, an employee of the construction company that owned the property. Lewis told the officers that the company had problems with people shooting signs and tearing up the property. The officers went down the private road with Mr. Lewis to a cul-de-sac where the vehicle was parked.
Officers Haberl and Kercher put a spotlight on the truck and saw a man and another person in the truck. Signs there had been shot. The officers could not see the passenger side very well. The vehicle was parked with its lights out and engine turned off. The person on the passenger side was moving around. According to Officer Haberl, the officers approached the vehicle and asked the driver to step out. They also asked the passenger to step out, but she was putting on her clothing, so they waited until she finished. Officer Haberl took the passenger back to his car and Officer Kercher talked to the appellant. The passenger stated that they had been dancing at a bar and then drove to that location.
Officer Haberl did not see anything that would indicate that the paved road was a private road. Officer Haberl could not remember if there were any "no trespassing" signs on the property. He did not see anything to indicate that the appellant was involved in shooting signs. He assumed the two people in the vehicle were "fooling around."
Officer Haberl watched the appellant at the patrol car while Officer Kercher searched the vehicle. Both officers testified that the appellant consented to the search. Officer Kercher testified that he was searching for weapons or ammunition due to the original complaint about persons shooting signs there. During the search, Officer Kercher discovered methamphetamine. He stated that if the appellant had refused to allow the search, they would not have searched the truck and the appellant would not have been arrested.
The appellant, on the other hand, testified that he never gave the officers permission to search his truck. The appellant explained that he thought he had turned down a public road. He and his companion had been parked at the end of the road for a few minutes when the police shined lights and told him to get out of the truck. The appellant testified that he did not see any "no trespassing" signs. The police did not ask him about shooting signs.
The officers lacked a founded suspicion of criminal activity when they detained the appellant by ordering him out of his truck and taking him to the patrol car. In McCloud v. State, 491 So.2d 1164, 1167 (Fla. 2d DCA 1986), this court held that an investigatory stop that officers conducted while patrolling a high crime area required reversal of the denial of the motion to suppress. This court explained, "Though it *159 may have been imprudent to park his car next to a boarded-up building, under a `No Trespassing' sign, late at night, such innocuous activity by the appellant did not create the requisite `well-founded suspicion' that criminal activity was `afoot.'" 491 So.2d at 1167. Here, when the officers approached the truck and realized that the movement they had observed was a female passenger putting on her clothes, any justification for the stop dissipated. Officer Haberl admitted that at that point the officers assumed that the occupants were merely "fooling around." Because the facts do not show a break in the chain of illegality, any consent to the search was tainted by the illegal stop. Reed v. State, 577 So.2d 1362 (Fla. 2d DCA 1991); Castillo v. State, 536 So.2d 1134 (Fla. 2d DCA 1988).
The state contends that the appellant's detention could be justified based on a suspected trespass alone, citing State v. Pye, 551 So.2d 1237 (Fla. 1st DCA 1989). Although the property in Pye was posted with no trespassing signs, it appears that the orange grove in State v. Dilyerd, 467 So.2d 301 (Fla. 1985), upon which the state also relies, had no signs posted. A concern with using a suspected trespass as justification for the stop in the present case, however, is that the officers did not appear to be concerned with trespassing. The officers stated that their concern was for weapons. Yet, Officer Haberl admitted that once they got up to the truck, they realized that the occupants were "fooling around" and the officers had no reason to suspect that the appellant had been shooting any signs.
Moreover, if the officers were concerned about trespassing, they should have ordered the appellant and his companion to depart the premises. In In the Interest of B.M., 553 So.2d 714, 715 (Fla. 4th DCA 1989), the court reversed the denial of a motion to suppress and stated:
We believe the trial court erroneously applied Dilyerd. Even if we assume that the police officers had authority from the owner to remove trespassers, their authority in this case where no warning against trespassing was posted was limited to conveying an order to depart the premises. Whether further detention or search is justified where there is no defiance of the order depends upon whether the officer has a founded suspicion of criminal activity or, as in Dilyerd, a reasonable belief based on specific and articulable facts, along with rational inferences, which justifies his belief that the occupants of the car were dangerous and might gain control of weapons within the car.
(Citations and footnote omitted.) Here, neither the officers nor the appellant remembered seeing any "no trespassing" signs posted on the property. Thus, because the officers had no other basis for a founded suspicion of criminal activity, we reverse the appellant's judgment and sentence for possession of methamphetamine.
Reversed.
HALL, A.C.J., and THREADGILL, J., concur.