CAMPBELL, Acting Chief Judge.
Appellant was charged with possession of drug paraphernalia and possession of cocaine. Appellant filed a motion to suppress evidence of the charges. After the court denied the motion to suppress, appellant pled no contest reserving her right to appeal. We reverse.
At the hearing on the motion to suppress, the arresting officer testified that he observed the car in which appellant was a passenger parked in an off-limits area in a park. Ble walked over to the car, obtained the driver’s license and had the driver move the car next to the officer’s vehicle. The officer did not observe any furtive movements by the car’s occupants. Ble recognized a passenger in the back seat as a known prostitute. The officer ordered the driver to exit the car and noticed the driver’s pants were unzipped. The officer then ordered all of the occupants to exit the car at which time he noticed drug paraphernalia and cocaine on appellant in plain view.
We find the officer lacked a founded suspicion for continued detention of the occupants once the car was removed from the off-limits area and the driver’s license was checked. The order for the car’s occupants to exit the car was a stop without a reasonable suspicion that a crime was being committed. See § 901.151, Fla.Stat. (1991). The officer never articulated any reasonable suspicion that he might have had. He never specified that he suspected prostitution or if he really suspected anything at all. He did state he was just trying to find out what the car and its occupants were doing parked in an off-limits area. No citation was issued for illegal parking. In fact, the officer had no evidence that a crime was being committed.
Since there was no reason to order the occupants to exit the car, we reverse the denial of the motion to suppress.
Reversed and remanded.
SCHOONOVER and HALL, JJ., concur.