PER CURIAM.
J.L., a minor, appeals from an order denying his motion to suppress evidence and order of commitment. We reverse.
On June 9, 1992, appellant was charged under a petition for delinquency with carrying a concealed firearm. On August 19, 1992, appellant filed a motion to suppress evidence and statements, wherein he alleged an illegal stop and search pursuant to section 901.151, Florida Statutes (1991), and the Fourth Amendment to the United States Constitution. On September 3, 1992, a hearing was held on appellant’s motion which resulted in its denial.
The only witness at the hearing was the police officer who arrested appellant. He testified that he arrested appellant after he observed appellant walking at a normal pace toward the area where a burglary had recently been reported. Appellant wore a large coat or jacket, which the officer thought was odd, because it was a warm April night. The officer asked appellant to come over to him. According to the officer, appellant answered his questions truthfully and provided a reasonable explanation of where he was coming from and where he was going. Appellant’s hands were out of his pocket, the officer did not notice any bulge anywhere on appellant’s clothing and appellant obeyed the officer’s every command. It was after appellant answered the officer’s questions that the officer conducted a pat-down search, where he noticed what seemed to be a pistol grip in the area of appellant’s waistband. The officer’s further search revealed a pistol in the waistband, whereupon the officer took appellant into custody for carrying a concealed weapon.
The facts in the present record do not justify a stop and search. An officer may briefly detain and question an individual when that individual’s behavior creates a reasonable suspicion of criminal activity. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and section 901.151, Florida Statutes (1991). The officer may further conduct a pat-down of the suspect’s outer clothing only where the officer has a reasonable belief that the suspect may be armed. Reynolds v. State, 592 So.2d 1082 (Fla.1992). It is well settled that stopping an individual simply for being present in a particular location, such as a high crime area, is not permitted. See Kell v. State, 559 So.2d 731 (Fla. 4th DCA 1990). Appellant’s appearance in the area, without more, did not warrant an investigatory stop. Id. The officer at bar articulated no facts that would justify the stop and pat-down. See Hamilton v. State, 597 So.2d 417 (Fla. 2d DCA 1992). Accordingly, we reverse the orders on review and remand for further proceedings consistent with this opinion.
GUNTHER, POLEN and KLEIN, JJ., concur.