755 So.2d 708 (1999)
Steve FLOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1451.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is granted. We withdraw our prior opinion in this case and substitute the following in its place.
Appellant challenges an order denying his motion to suppress physical evidence and statements in a probation revocation proceeding. We affirm.
On October 29, 1997, appellant pled guilty to aggravated battery and was placed on three years probation as a habitual offender. On February 13, 1998, appellant's probation officer filed an Amended Affidavit of Violation of Probation, containing multiple charges, including possession with intent to sell more than 20 grams of cannabis (Paragraph III), resisting arrest with violence (Paragraph IV), and resisting arrest without violence (Paragraph V). Appellant moved to suppress the evidence and statements at the hearing on the alleged violations of probation.
At the joint hearing on the motion to suppress and allegations of violation of probation, the following evidence was adduced: On Sunday, February 1, 1998, at 5:41 p.m. officers of the Pompano Beach Police Department were conducting a premises check at 450 Northwest 27th Avenue. This particular location was on the *709 city's "trespass program," which gives police officers authority to issue trespass warnings and arrest individuals on behalf of the property owners. Located in this area are a barbershop at the south end, a convenience store on the north end, a rooming house above the grocery store and a parking lot. As the police pulled up to this complex, Officer Spear observed several people in the parking lot, including appellant. Appellant immediately exited a vehicle and started to run past the officers, along the south side of the building to a stairwell. Officer Spear identified himself as a police officer, ordered appellant to stop, and chased him. Appellant ran towards apartments located in the upstairs area of the building. As appellant tried to open a door and enter a hallway, Officer Spear grabbed him from behind. Appellant turned around and struck Officer Tauber, who was standing behind Officer Spear. Appellant was arrested and gave the false name "Terrance Smith."
Officer Spear testified that he suspected appellant was trespassing. The businesses at that location were closed and there was a large, visible "no trespassing" sign posted on the barbershop. Appellant's vehicle had been parked in front of the barbershop. While the officers were apprehending appellant, a drug-sniffing dog was inspecting the exterior of all the cars in the parking lot. The dog alerted on appellant's car. When the dog searched the interior of the car, he alerted to the left rear seat area, where cannabis was found.
Officer Tauber testified that appellant asked him if he was going to get charged with battery on a police officer. The officer replied, "not at this time." Appellant thanked the officer and stated, "the dope is mine, but I don't want to get charged with hitting you."
Appellant testified at the hearing. He denied hitting Officer Tauber and making any admissions about the drugs found. He acknowledged that the barbershop was closed but said that the convenience store was open. He said that he was going to visit his cousin, who lived in the apartments above the businesses. Officer Spear testified that appellant told him he was not going to visit anyone.
At the conclusion of the hearing, the trial court denied appellant's motion to suppress and revoked his probation, finding that he had violated probation as alleged in Paragraphs III and IV, and by committing other criminal offenses prior to the February 1 incident (Paragraphs I and II). Additionally, appellant was found guilty of violating probation by failing to file three monthly reports (Paragraph VI). He was sentenced to 20 years in prison as a habitual felony offender.
Appellant argued that the officers did not have reasonable suspicion of criminal activity to justify stopping and detaining him. He urged the court to suppress his subsequent actions and the evidence seized from his vehicle under the "fruit of the poisonous tree" doctrine. The trial judge denied the motion to suppress, reasoning that even if the officers were not justified in chasing or stopping appellant, once appellant struck Officer Tauber, he committed a felony, and was subject to arrest, because one cannot resist an illegal arrest with violence. Dominique v. State, 590 So.2d 1059 (Fla. 4th DCA 1991).
The state argues that the officers had a reasonable suspicion that appellant had committed the offense of trespassing, justifying the stop. In Robinson v. State, 551 So.2d 1240 (Fla. 1st DCA 1989), the first district held that the trial court did not abuse its discretion in denying the defendant's motion to suppress cocaine and drug paraphernalia discovered in circumstances similar to those in this case. There, the arresting officer routinely patrolled an apartment complex in an area known for drug dealing and use. The apartment management requested the police to spot check for persons on the property without a resident's identification pass and to prosecute those on the premises without such passes for trespass. One midnight, while *710 on patrol, an officer saw a group of males assembled in the apartment complex and approached them to ascertain whether they possessed residence identification. The men ran, but when the officer shouted for them to stop, Robinson stopped, went down on his knees, and attempted to bury a crack cocaine pipe. Robinson appealed the denial of his motion to suppress on the ground that the officer did not have founded suspicion of criminal activity to justify the stop. The first district rejected the defendant's argument, holding that the facts gave rise to a founded suspicion of trespass, which justified stopping the defendant to ascertain his identity and the circumstances surrounding his presence at the apartment complex.
Similarly, in this case, the appellant's presence in the parking lot, after business hours and when the businesses were closed, combined with the "no trespassing" sign on the barber shop and the premises owner's participation in the city's "trespassing program," authorized the officers to approach appellant and inquire about his reasons for being in the parking lot. See also Burgess v. State, 630 So.2d 666 (Fla. 4th DCA 1994)(suspected trespass may be grounds for an investigative stop when the owners of the property have requested police to patrol their property).
The state further argues that irrespective of the lawfulness of the stop, the seizure of the cannabis from appellant's vehicle was constitutionally permissible because it resulted independently from a narcotic dog's alert. A sniff by a narcotics detection dog has been held permissible because "its limited scope and method of investigation does not constitute a search." Daniels v. Cochran, 654 So.2d 609, 613 (Fla. 4th DCA 1995). "A search of a motor vehicle or its contents, based on probable cause but without a warrant, falls within the `automobile exception' established in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)." Id. The record reveals that the narcotics-sniffing dog was already at the scene. The dog was examining the exterior of all of the cars in the parking lot. Once the dog alerted that appellant's vehicle could contain narcotics, the officers had probable cause to search the vehicle. Cardwell v. State, 482 So.2d 512 (Fla. 1st DCA 1986) (citing United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983)).
Because we find that the initial stop of appellant and search of his vehicle were lawful, we affirm the denial of the motion to suppress. Further, in light of our ruling that the evidence introduced during the revocation hearing did not violate appellant's Fourth Amendment rights, we do not address the Supreme Court's recent decision in Pennsylvania Board of Probation and Parole v. Scott, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998) (the exclusionary rule does not bar introduction of evidence seized in violation of the Fourth Amendment at parole revocation hearings).
AFFIRMED.
GROSS, TAYLOR, JJ., and SCHACK, LARRY, Associate Judge, concur.