744 So.2d 1149 (1999)
Theron K. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01569.
District Court of Appeal of Florida, Second District.
October 29, 1999.
*1150 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Theron K. Brown (Brown) appeals the final judgment wherein he pleaded nolo contendere to the possession of cocaine, after reserving his right to appeal the denial of his motion to suppress. We reverse because we agree with Brown that the narcotics were the fruit of an illegal detention.
The following facts were presented at the hearing on the motion to suppress. At 6:30 p.m., three uniformed officers in an unmarked vehicle parked behind a car located in the yard of a residence. There were two occupants in the car. In the past, the officers had observed people smoking drugs on the porch of this residence and knew of past drug arrests at this location. Although one of the officers stated that it was the practice of the officers to speak to people in that area in an attempt to prevent drug dealing and to catch them committing violations such as "throwing down drugs," he testified that "mostly for this incident here, I wanted to walk up to see who was inside the vehicle and what they were doing."
As the three officers approached the rear of the car, they saw a single puff of smoke in the car. They did not smell marijuana and they did not see any cigarettes. One officer concluded that the occupants of the car were smoking cocaine because he saw Brown make a movement with his right hand. Although he did not see any object in Brown's hand, the officer suspected that Brown had "thrown down" a joint or a pipe between the seats. When the officer asked Brown and the woman if they had been smoking, they both denied smoking anything.
One of the officers asked Brown to get out of the car supposedly "to settle things down and get them out of the vehicle for officer safety purposes." He asked Brown his name, and again asked him if he had been smoking. The officer testified that Brown consented to be searched, at which time the officer found a small square piece of cocaine located inside of Brown's shorts near his buttocks. The smoke seen earlier apparently came from an ice chest on the floor behind the driver's seat. Thereafter, the officer arrested Brown.
We conclude that the officers did not have a reasonable suspicion that Brown had committed a crime, was committing a crime, or was about to commit a crime when they ordered him to step out of his car. See Popple v. State, 626 So.2d 185, 186 (Fla.1993). The officers saw one puff of smoke in Brown's car as they approached from the rear. None of the officers could determine the source of the smoke, but because they saw Brown move his right hand down between the seats they believed that he was trying to extinguish whatever he was smoking. Furthermore, while questioning him before asking him to get out of the car, they did not see any more smoke, nor could they smell any illegal substance. Although the car was *1151 parked next to a house that was known for illegal drug buys, the car was not parked illegally.
Once the officer ordered Brown to exit his car, the consensual encounter turned into an investigatory stop requiring a "well-founded, articulable suspicion of criminal activity." Id. at 186. In this case, the officers only had a "mere suspicion" that Brown was smoking something illegal. Furthermore, the officers indicated no concern that Brown's movements indicated that he had a weapon. Because the initial detention was illegal and nothing occurred after this detention to dissipate the illegal police action, it cannot be said that Brown's consent to the search was given voluntarily. See Jordan v. State, 707 So.2d 338, 338 (Fla. 2d DCA 1998) (there has to be an "unequivocal break in the chain of illegality sufficient to dissipate the taint of the prior illegal police action" in order to render the subsequent consent freely and voluntarily given). Accordingly, the trial court erred by not granting Brown's motion to suppress.
Reversed and remanded with directions to grant Brown's motion to suppress.
GREEN, J., and DANAHY, PAUL W., (Senior) Judge, Concur.