PER CURIAM.
Dino Cerrone appeals the final judgment that the trial court entered after Cerrone pleaded guilty to possession of cannabis with intent to sell and possession of drug paraphernalia. Cerrone reserved his right to appeal the trial court’s order which denied his motion to suppress. Finding that Cerrone’s motion has merit, we reverse.
*591 The following facts were developed through testimony at the hearing on Cer-rone’s motion to suppress. At 5:00 p.m., following a telephone call to the police concerning a suspicious van, Lakeland Police Officer William Banks was dispatched to the parking lot of a shoe store. When Officer Banks approached the van, he heard voices coming from inside the van. He then went to the van’s front window and observed two people inside the van who appeared to be having sex. Officer Banks knocked on the door of the van, identified himself as the police, and requested that the occupants step out of the van.
Cerrone and a female occupant exited the van, at which time Officer Banks conducted a pat-down and looked inside the van to see if there was anyone else. He stated that he “basically had them get out” and “conducted ... a field interrogation” of Cerrone and the female occupant. Another officer detained Cerrone and his companion while Officer Banks spoke to the shoe store manager, who had reported the van. The store manager was concerned because of prior robberies at the store.
While the female companion was being detained, she consented to a search of her purse, wherein the officer found marijuana. The officer arrested her and placed Cerrone in the patrol car. Thereafter, Officer Banks called for a K-9 unit, which arrived twenty-five minutes later. During all of this time, Cerrone was held in the patrol car. Following a K-9 dog alert, marijuana was found in a baggie in the van’s glove box.
In Satterfield v. State, 609 So.2d 157, 158 (Fla. 2d DCA 1992), the defendant had parked on a private road in front of some construction signs that had been used for shooting practice. When the officers arrived, they saw activity in the car, which led them to believe that the couple was “fooling around.” Id. The officers did not see the couple do anything which would have given them a reasonable suspicion that the couple had committed, were committing, or about to commit a crime. This court concluded that the search of the car was illegal, because the officers lacked a founded suspicion of criminal activity at the time the defendant was ordered out of his car and placed in the patrol car. Id.
In this case, the officer testified that he saw the couple having sex. He was not concerned with officer safety or that they were potential robbers at the point when he asked them to exit the van or when he placed Cerrone in the patrol car. It was only after Cerrone and his passenger had been detained that the officer learned from the manager of the store that the store had been robbed several times. Additionally, once Cerrone and his passenger got out of the van, there were no other facts which would have justified a detention. Because the initial detention was illegal and nothing occurred after this detention to dissipate the illegal police action, it cannot be said that the passenger’s consent to search her purse was given voluntarily. See Jordan v. State, 707 So.2d 338, 338 (Fla. 2d DCA 1998) (there has to be an “unequivocal break in the chain of illegality sufficient to dissipate the taint of the prior illegal police action” in order to render the subsequent consent freely and voluntarily given). Accordingly, we conclude that the trial court erred in denying the motion to suppress.
Reversed and remanded.
PARKER, A.C.J., and BLUE and SALCINES, JJ., Concur.