800 So.2d 345 (2001)
Nitika GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2575.
District Court of Appeal of Florida, Fourth District.
November 28, 2001.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, who was convicted after trial of possession of cocaine, challenges the trial court's pretrial order denying his motion to suppress. The court found that the officers had reasonable suspicion to stop appellant and investigate his presence at a motel which they were checking as part of a "trespass program." We reverse, concluding that the facts do not constitute reasonable suspicion for the stop.
The trial court's order recites the facts of this case:
The Defendant is charged by Information with the second degree felony, Possession of Cocaine With Intent to Deliver. The offense is alleged to have occurred on November 18, 1998, at approximately 9:00 p.m. in Pompano Beach, Broward County, Florida. Three police officers and the Defendant testified at the hearing held on July 2, 1999. According to Officer Dickerson and Officer Rodriguez, of the Pompano Beach Police Department, they were conducting a premises check of the Days Inn, as part of the "trespass program," when they observed the Defendant walking back and forth on the first floor, approaching several motel room doors. *346 The officers became suspicious because it was nighttime and the Defendant was walking back and forth, near the rooms without going inside. The officers then watched as the Defendant went to a car in the parking lot and got inside.
The officers pulled their unmarked car up behind the vehicle in which the Defendant was sitting. Officer Dickerson approached the drives [sic] side door and asked the Defendant what his business was at the motel. While talking to the Defendant, the officer observed a clear plastic baggie on the floorboard protruding from under the drivers seat. The officer believed that the substance in the bag was cocaine. The Defendant was asked to exit his vehicle and wait there until another officer arrived, about ten or fifteen minutes later, with a narcotics dog. Officer Grant testified that the police narcotics dog alerted to the driver's door area and then to the plastic bag that was found to contain cocaine. The Defendant was placed under arrest at that time.
The Defendant testified that he had gone to the motel to retrieve his vehicle from someone who was staying there. Being unsure which room the person was staying in, he knocked on more than one door before deciding to use his keys to take his car from the parking lot. The Defendant acknowledged that he was not a guest at the motel, but he denied knowing about the cocaine in his car.
In addition to the facts related in the order, at the suppression hearing the officer explained that the city police had a "trespass program" with many city businesses whereby the owners of the businesses allow the police to conduct premises checks and enforce trespassing laws based upon affidavits which are signed by the owners and kept on file with the police. The motel in question participated in this program.
The trial court relied on Flowers v. State, 755 So.2d 708 (Fla. 4th DCA 1999), in denying the motion. In Flowers, the police also were acting pursuant to the city's "trespass program" and attempted to stop a suspect who they observed in the parking lot after the business was closed. "No trespassing" signs were posted, and the suspect ran upon being approached by the police. Our court held that the officers were authorized to approach the suspect and inquire about his reasons for being in the parking lot. See id. at 710. Flowers relied on Robinson v. State, 551 So.2d 1240, 1241 (Fla. 1st DCA 1989), in which an investigatory stop was justified where the owner of the premises had requested police to spot check for trespassers and the defendant ran from police. See also Burgess v. State, 630 So.2d 666, 667 (Fla. 4th DCA 1994).
Where "no trespassing" signs are not posted, a trespass occurs when a person remains on the property after defying an order to leave the property, conveyed by an owner or an authorized person. See § 810.09(2)(b), Fla. Stat. (1997). The "authorized person" has the authority to approach a person to warn the suspected trespasser and order him to leave. See In the Interest of B.M., 553 So.2d 714, 715 (Fla. 4th DCA 1989).
A stop to inform trespassers of an order to leave required under section 810.09(2)(b), Florida Statutes, is more akin to a "mere encounter" than a "stop" for constitutional analysis. This is not a stop based on founded suspicion, because the crime of trespass on unposted land does not occur until after the trespasser is warned to depart and fails to do so.
Id. at 716 n. 2. Whether further detention is warranted depends upon whether the officer has a founded suspicion of criminal activity.
*347 In this case, the owner had authorized police to check for trespassers at the motel. There is no evidence in the record, however, as to the presence of any "no trespassing" signs on the property. Appellant was seen walking back and forth in front of the rooms and then going to his vehicle and sitting in it. He was not observed attempting to enter any room. This conduct in and of itself does not raise a reasonable suspicion of criminal activity. Moreover, he returned to his car and was about to drive away when stopped by the officer. As in White v. State, 737 So.2d 1117, 1118 (Fla. 2d DCA 1999), "[a]ny suspicion that he was about to commit [a crime] was dissipated when he drove away."
The officers approached appellant to determine whether he was a guest or a visitor. They were entitled to ask him a few questions to dispel concerns about his presence on the property and to warn him regarding trespassing. See Popple v. State, 626 So.2d 185, 187 (Fla.1993); Slydell v. State, 792 So.2d 667, 673 (Fla. 4th DCA 2001). However, when they drove their vehicle behind appellant's car, effectively preventing his exit, he could not leave. Therefore, the police effected a stop unsupported by either reasonable suspicion or probable cause. See, e.g., Richardson v. State, 291 So.2d 253, 255 (Fla. 1st DCA 1974) (holding a stop was effected where officer's vehicle blocked defendant's vehicle from proceeding). Thus, the stop violated the Fourth Amendment, and the court erred in denying the motion to suppress.
We therefore reverse and remand.
KLEIN and SHAHOOD, JJ., concur.