842 So.2d 889 (2003)
Jonathan Dye JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1024.
District Court of Appeal of Florida, Second District.
February 12, 2003.
*890 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Jonathan Dye Jones seeks review of the trial court's order denying his motion to suppress evidence found after he was stopped while riding on horseback. Jones argues that the trial court erroneously found that the stop was based on a founded suspicion of criminal activity. We agree and reverse.
This is an appeal from a no contest plea entered after Jones reserved the right to appeal the denial of a motion to suppress. On February 6, 2002, following the denial of his motion to suppress, Jones pleaded no contest to possession of cocaine, possession of paraphernalia, and carrying a concealed weapon.[1] The trial court found that the motion was dispositive.
At the suppression hearing, Deputy Brandon Todd testified that at about 11:30 p.m. on August 1, 2001, he saw Jones on horseback riding at a full speed gallop down the street. Although there were pedestrians and traffic in the area, Deputy Todd did not see Jones actually impede traffic or endanger any pedestrians or motorists. The deputy stopped Jones for failing to have lights or reflectors and for operating without due regard for public safety.
When Deputy Todd stopped Jones, Jones dismounted, took off his jacket, and dropped the jacket on the ground. Deputy Todd saw that Jones had a rifle on his saddle. When the deputy asked Jones whether he had any other weapons on him, Jones lifted his pants leg to reveal a knife within his boot. Deputy Todd arrested Jones, and a search of the jacket that he had thrown down revealed a crack pipe.
The trial court found that, although there was no evidence that Jones endangered *891 other people, "the sheer unusualness of a person riding a horse at 11:30 at night at a full gallop down a paved road is sufficient that it could cause a police officer to be suspicious as to what's going on without the need to endanger other people." The court added that the potential endangerment to other people also provided justification for the stop.
A trial court's factual findings on a motion to suppress will not be overturned if supported by competent, substantial evidence. Caso v. State, 524 So.2d 422, 424 (Fla.1988). Application of the law to the facts found by the trial court is reviewed de novo. Ornelas v. United States, 517 U.S. 690, 696-97, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). In order for the stop of Jones to be proper, the police must have had a reasonable suspicion of criminal activity, Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), or probable cause to believe he committed a traffic infraction. Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
In this case, there was no evidence that the police had a reasonable suspicion of criminal activity, and the trial court made no such finding. The trial court found that the stop was valid for two reasons: (1) "the sheer unusualness of a person riding a horse at 11:30 at night at a full gallop down a paved road"; and (2) the potential endangerment to others that resulted from this action. However, neither of these activities provides probable cause that Jones committed a traffic infraction.
Under section 316.073, Florida Statutes (2001), a person on horseback is not subject to the provisions regulating motor vehicles, but is subject to provisions applying to pedestrians. The State argues that the police had probable cause that Jones violated section 316.2045(1), Florida Statutes (2001), which prohibits willfully obstructing "the free, convenient, and normal use of any public street, highway, or road by impeding, hindering, stifling, retarding, or restraining traffic or passage thereon, by standing or approaching motor vehicles thereon, or by endangering the safe movement of vehicles or pedestrians traveling thereon."
A violation of this statute requires either (1) impeding, hindering, stifling, or restraining traffic or passage or (2) endangering the safe movement of vehicles or pedestrians. See Underwood v. State, 801 So.2d 200, 202 (Fla. 4th DCA 2001) (holding that an officer lacked probable cause to stop the defendant for obstruction of traffic because there was no evidence that the defendant actually hindered or endangered the normal use of the street or had the intent to do so). In this case, the trial court expressly found that there was no evidence that Jones endangered others, and this finding is supported by Deputy Todd's testimony to that effect. In addition, there is no evidence that Jones actually impeded any traffic or passage. Accordingly, the police did not have probable cause to believe that Jones had committed a traffic infraction.
Because the police did not have a reasonable suspicion of criminal activity or probable cause that Jones had committed a traffic infraction, the stop of Jones was illegal. Accordingly, any evidence seized as a result of the illegal stop should have been suppressed. Graham v. State, 60 So.2d 186, 188 (Fla.1952); Bowling v. State, 779 So.2d 613, 614 (Fla. 2d DCA 2001).
Reversed and remanded.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] The judgment erroneously states that Jones pleaded guilty to the charges.