905 So.2d 222 (2005)
L.J.S., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2504.
District Court of Appeal of Florida, Second District.
May 20, 2005.
*224 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
L.J.S. appeals the trial court's order adjudicating him delinquent for possession of marijuana. L.J.S. argues that the trial court erred in overruling his objection to the admission of marijuana found by the police officer who stopped L.J.S.'s car. Because the police officer lacked a reasonable basis to stop L.J.S., we reverse.
While on patrol at night, the police officer saw L.J.S.'s car parked on the west side of South Martindale Avenue. The west side of this street is a city park, while the east side is private housing. When the officer drove toward L.J.S.'s car, "the vehicle quickly started up, all the occupants hurriedly [sic] around inside the vehicle, like putting things away." The officer did not stop the car. He drove about 500 feet past the car and stopped in the road because, "as they pulled out and reversed, they just stopped in the middle of the [dead-end] road ..., raising my suspicion." The officer pulled off to the side of the road to observe further.
L.J.S.'s car remained in the dead-end road for a few minutes, then drove into a private driveway and stopped. The officer pulled into the driveway behind L.J.S. and initiated a traffic stop based on a "suspicious vehicle." At no time did L.J.S. attempt to flee. Upon approaching the car, the officer saw L.J.S. and his passengers trying to conceal marijuana. The officer seized the marijuana and detained L.J.S.
We review de novo the trial court's determination of reasonable suspicion, "tak[ing] care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts." Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Connor v. State, 803 So.2d 598, 608 (Fla.2001); E.B. v. State, 866 So.2d 200, 202 (Fla. 2d DCA 2004).
"An investigatory stop must be based on founded or reasonable suspicion that the vehicle's occupants committed, are committing or are about to commit a crime." Batson v. State, 847 So.2d 1149, 1150 (Fla. 4th DCA 2003) (quoting Davis v. State, 695 So.2d 836, 837 (Fla. 2d DCA 1997)). Whether there is reasonable suspicion for a stop depends on the totality of the circumstances. Walker v. State, 846 So.2d 643, 645 (Fla. 2d DCA 2003); Grant v. State, 718 So.2d 238, 239 (Fla. 2d DCA 1998); State v. Kibbee, 513 So.2d 256, 258 (Fla. 2d DCA 1987). "A bare suspicion or mere `hunch' that criminal activity may be occurring is not sufficient." Walker, 846 So.2d at 645. The totality of the circumstances in this case leads us to conclude that there was no reasonable suspicion for stopping L.J.S.
Our prior decisions make clear that the officer's observations prior to confronting L.J.S. were insufficient to stop L.J.S. For example, in Stiffler v. State, 744 So.2d 1187, 1187-88 (Fla. 2d DCA 1999), we held that the officer lacked reasonable suspicion of illegal drug activity where the defendant, after seeing a police officer, stopped his vehicle at a stop sign for a long time and fidgeted toward his pants pocket. Additionally, the defendant (1) was in a high crime/drug area; (2) earlier had circled the block twice and stopped; and (3) was approached by three men who ran up to his vehicle and then walked away fifteen seconds later. Id. Even with those additional *225 factors, none of which were present here, Stiffler held that the officer lacked reasonable suspicion for the stop. See id.; Brown v. State, 744 So.2d 1149, 1150 (Fla. 2d DCA 1999); Salem v. State, 645 So.2d 1023, 1025 (Fla. 2d DCA 1994).
Absent reasonable suspicion to stop L.J.S. for criminal activity, the stop could still be valid if the officer legally could have stopped L.J.S. for a traffic violation or trespass.[1]See Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Holland v. State, 696 So.2d 757 (Fla.1997). The trial court ruled that the stop was valid because:
First, no right to be in the park after it's closed. So there was a basis to stop the vehicle right there. Andbut, what he did was he observed the vehicle. And in fact, as he passed, he saw it pull out, saw movement in the car, then he sees it most importantlyyou know, pull into the middle of the road, and then just stop, in the middle of the road. Most telling line is, "it stopped in the middle of a road that has through traffic." That's a suspicious activity. I imagine any of us that stopped in the middle of a road that has through traffic and an officer saw it, may raise sufficient suspicion for them to stop us to see what's going on. That is not safe conduct, as it was described here by the officer today.
The officer lacked grounds to stop L.J.S. for a traffic violation. There is no evidence that L.J.S. drove in a "sufficiently unsafe manner" to validate a stop. See Donaldson v. State, 803 So.2d 856, 860 (Fla. 4th DCA 2002) (holding no founded suspicion for DUI stop for squealing tires in exiting parking lot where no other cars on road or in parking lot were endangered by squealing tires); Nicholas v. State, 857 So.2d 980, 981 (Fla. 4th DCA 2003).
There is no evidence that L.J.S. interfered with traffic by stopping his vehicle in the dead-end street. The mere "potential to block or interfere with traffic is insufficient to justify [a] stop." Koppelman v. State, 876 So.2d 618, 622 (Fla. 4th DCA 2004); see also Jones v. State, 842 So.2d 889 (Fla. 2d DCA 2003). Thus, the officer here could not justify the stop on that basis.
The State also argues that the officer could have arrested L.J.S. for misdemeanor trespass in the park. See § 901.15, Fla. Stat. (2004); Towne v. State, 495 So.2d 895 (Fla. 1st DCA 1986). The State adds that an investigatory stop was justified by the fact of suspected trespass, alone. See State v. Pye, 551 So.2d 1237, 1239 (Fla. 1st DCA 1989). The crime of trespass in a park after hours occurs, however, only if the suspect had actual or constructive notice that the park was closed. K.S. v. State, 840 So.2d 1116, 1117 (Fla. 1st DCA 2003) (citing § 810.09(1)(a), Fla. Stat. (2001)); In Interest of B.M., 553 So.2d 714, 715 (Fla. 4th DCA 1990). There is no evidence that L.J.S. knew the park was closed. The State presented no evidence that the park's hours of operation were posted. Therefore, it failed to show that the officer had probable cause to believe that L.J.S. had trespassed.
Moreover, the officer did not stop and advise L.J.S. to leave the park because it was after dark. See In Interest of B.M., 553 So.2d at 715; Hrezo v. State, 780 So.2d 194, 194-95 (Fla. 2d DCA 2001); Satterfield v. State, 609 So.2d 157, 159 (Fla. 2d DCA 1992); Burgess v. State, 630 So.2d 666, 667 (Fla. 4th DCA 1994) ("The crime *226 occurs only when appellant stays after being asked to leave."). Of course, after L.J.S. left the park, the officer could not have justified a stop under Whren. Cf. Cree v. State, 619 So.2d 398, 399 (Fla. 2d DCA 1993); Griffin v. State, 800 So.2d 345, 346-47 (Fla. 4th DCA 2001).
Because the totality of the circumstances does not support the trial court's finding that the officer had reasonable suspicion of criminal activity, and because the stop cannot alternatively be justified based on a traffic violation or trespass, we reverse.
ALTENBERND, C.J., and WHATLEY, J., Concur.
NOTES
[1] We note that the officer's eventual stop of L.J.S. was not a consensual encounter. The officer pulled up behind L.J.S. in a private driveway, restricting his freedom to leave. See Cowart v. State, 635 So.2d 1063, 1064 (Fla. 2d DCA 1994).